UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 OCT 15  A 11: 38

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| PAULA DASHIEL | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV01231 (SFD) CFD |
| v. | : | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | : | October 14, 2003 |
| Defendant | : | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the plaintiff, Paula Dashiel, respectfully submits this memorandum in support of motion for protective order seeking an order continuing the deposition of the plaintiff pending the receipt of information and items of discovery from the defendant. The parties have attempted to resolve discovery disputes that have caused the plaintiff to require the postponement of her deposition. Plaintiff made effort as well to reschedule her deposition prior to the filing of this motion for protective order.

### Argument

Fed. R. Civ. Pro. 26(c) provides that a party may seek a protective order to narrow the scope of discovery or limit the discovery or dissemination of privileged or confidential materials. The court may make any order that protects a party or person from annoyance, embarrassment, oppression or undue burden or expense. Id. That

motion must be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Id.

The plaintiff served a request for interrogatories on the defendant on April 1, 2003 and production requests on May 21, 2003. Exhibits 1 & 2. Defendant sought numerous enlargements of time within which to respond to said requests. Exhibit 3. Plaintiff patiently waited for defendant's responses and expected a great deal more than was provided, considering the lengthy extensions which were afforded the defendant. On June 23, 2003, after much delay, defendant requested that a confidentiality stipulation be Signed prior to serving responses. This caused further unexpected delay as the stipulation was not signed until early August because Attorney Melly was on trial in U.S. District Court.[1] After Attorney Melly telephoned and wrote Attorney Deno wondering whether the discovery compliance had been served,[2] the production responses were finally served on October 2, 2003. Exhibit 2 & 4. Defendant's responses to plaintiff's interrogatories were served on June 23, 2003 and further response to interrogatories was not provided. Exhibit 1. Defendant objected to _every_ interrogatory and production request of the plaintiff.

The discovery [production] compliance served by the defendant included a.) plaintiff's personnel file; b.) Prudential employee handbook; c.) Prudential relocation policy; d.) HR (human resources) policy book and a list of employees of the Shelton Connecticut office of Prudential. The vast majority of the items and documents

---

[1] Trial in *Pradeep Nayyar v. Scandinavian Marine Insurance Company* from July 3, 2003 through July 17, 2003.
[2] Attorney Melly left his former office, The Employment Law Group on September 4, 2003 and was unaware of the specific state of discovery as the file remained with that office until approximately October 1, 2003. Attorney Melly did not have possession of the file until approximately October 6, 2003.

requested by the plaintiff were not produced and the majority of the interrogatories were objected to. The plaintiff's interrogatories and production requested information and items such as the name and address of the person responding, job descriptions, positions and salaries for other employees and positions within the defendant company, oral or written statements, names of persons assuming the plaintiff's tasks after plaintiff's termination, training materials, investigations or inquiries of the plaintiff, names of persons spoken to who may be potential witnesses with information, discrimination complaints and/or orders against the defendant, value and cost of plaintiff's stock, retirement, health insurance and other benefit plans as of the date of her termination, names of persons transferred, promoted or terminated to or from positions in Shelton, Connecticut; Valhalla, New York and Phoenix Arizona, surveys provided to governmental agencies regarding lay-offs and race, documents regarding the relocation of the Shelton, Connecticut facility and transfer of the employees at the facility, resumes of all employees of the position of international services coordinator and international transportation counselor. Defendant failed to provide information or documentation regarding the foregoing subjects topics and requests.

When, after execution of the confidentiality stipulation, discovery was yet unforthcoming, plaintiff's counsel [Melly] wrote defendant's counsel [Deno], at which time it was promised that compliance was in fact forthcoming. Exhibit 4. Production was received on or about October 2, 2003. Upon review, it was so lacking that Attorney Melly again called Attorney Deno to discuss his frustration with the lack of good faith compliance. It was agreed that they would speak after Attorney Melly further reviewed defendant's objections. Attorney Melly called and spoke to Attorney Deno on October

13, 2003, regarding defendant's objections, wherein Attorney Deno agreed to speak to the defendant in an attempt to obtain further compliance. Attorney Deno made it clear, however, that no promises or guarantees were being made. Attorney Melly further indicated by telephone on October 13, 2003 and further by email of his desire to continue the deposition pending receipt of further information and documentation. Exhibit 5. Counsel spoke again on October 14, 2003, wherein Attorney Deno indicated defendant's position to proceed with the plaintiff's deposition.

"The discovery rules are designed to facilitate trial proceedings and to make a 'trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Caccavale v. Hospital of St. Raphael, 14 Conn. App. 504, 507, 541 A.2d 893, cert. denied, 208 Conn. 812, 545 A.2d 1107 (1988); quoting, United States v. Proctor & Gamble, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L.Ed. 2d 1077 (1958). The defendant, by objecting to *every* interrogatory and production request, has clearly obfuscated the fair disclosure of information and obstructed discovery.

The plaintiff would be substantially prejudiced by testifying at deposition without the benefit important and relevant information supporting her claims. Depositions are timely and expensive. Should the deposition of the plaintiff proceed at this time without the plaintiff having the benefit of substantial information and documentation supporting her claims, the record [transcript] would be devoid of valuable facts and testimony relevant to the issues and claims. Such bootstrapping would benefit the defendant by providing a greater likelihood of obtaining a summary judgment and by further providing open game for cross examination of the plaintiff later in the case.

Further, it leaves the plaintiff with little or no means of fixing a record [the depositon transcript] devoid of potentially favorable information and response to certain of defendant's deposition questions and inquiry.

It is the obligation of a requested party to provide discovery that is relevant to the case. Fed. R. Civ. P. 26(b)(1). Plaintiff contends that there is substantial relevant information being withheld by the defendant. Attorney Melly, upon consultation and discussion on October 13, 2003 with opposing counsel, Mary Deno, was able to secure an agreement to provide some of the requested discovery.[3] Plaintiff intends to further file a motion to compel regarding these discovery issues as it was impracticable to file such motion prior to the filing of this motion for protective order.[4]

Clearly, the defendants have caused undue delay in the discovery of this case by its obstinacy in fully and fairly complying with discovery requests. In fairness to the plaintiff and in order to prevent undue prejudice, the deposition of the plaintiff must be continued pending receipt of relevant information and items of discovery.

---

[3] Considering Attorney Deno made clear that no guarantees were being made;
[4] The production responses were provided on October 2, 2003. Although interrogatory responses were served on June 23, 2003, Attorney Melly was preparing for trial at that time. Shortly after trial Attorney Melly left the office permanently.

Plaintiff
Paula Dashiel

By _____
Michael J. Melly
Fed. Bar. No. ct17841
143 Oneco Avenue Suite 4
New London, CT 06320
(860) 447-1990
(860) 989-9613

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 10/15/03
To
    Mary Deno
    Edward Cerasia
    Proskauer Rose
    One Newark Center 18th Fl.
    Newark, NJ 07102

    Jonathan Orleans
    Zeldes, Needles & Cooper
    1000 Lafayette Blvd.
    Bridgeport, CT 06601

_____
Michael J. Melly, Esq.