UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

PAULA DASHIEL                          :        CIVIL ACTION NO.

            Plaintiff,                 :        3:02CV01231 (CFD)

v.                                     :

THE PRUDENTIAL INSURANCE               :        October 14, 2003
COMPANY OF AMERICA

            Defendant                  :

## AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

1.      I am over the age of eighteen and believe in the obligation of an oath.

2.      The plaintiff served a request for interrogatories on the defendant on April 1, 2003

and production requests on May 21, 2003.  Exhibits 1 & 2.  Defendant sought numerous

enlargements of time within which to respond to said requests.  Exhibit 3.

3.      Plaintiff patiently waited for defendant's responses and certainly expected a great

deal more than was provided.  Defendant objected to *all* of the plaintiff's requests.

4.      On June 23, 2003, after much delay defendant then asked that a confidentiality

stipulation be signed.  This caused further delay as the stipulation was not signed until

early August because Attorney Melly was on trial in U.S. District Court.[5]

5.      After Melly telephoned and wrote Attorney Deno wondering whether the discovery

compliance had been served.[6]  Attorney Deno promised that compliance would be served

soon and the production responses were received on or about October 2, 2003.

---

[5] Trial in *Pradeep Nayyar v. Scandinavian Marine Insurance Company* from July 3, 2003 through July 17, 2003.

[6] Attorney Melly left his former office, The Employment Law Group on September 4, 2003 and was unaware of the specific state of discovery as the file remained with that office until approximately October 1, n2003.  Attorney Melly did not have possession of the file until approximately October 6, 2003.

6.    Upon review, the discovery was so lacking that Attorney Melly called Attorney Deno on October 10, 2003, to discuss his frustration with the lack of good faith compliance.  The defendant had objected to _all_ of the plaintiff's interrogatories and production.

7.    On October 13, 2003 Attorney Melly called and spoke to Attorney Deno, again regarding discovery issues, wherein Attorney Deno agreed to speak to the defendant in an attempt to obtain further compliance.

8.    Attorney Melly stated his desire to continue the deposition of the plaintiff pending receipt of further information and documentation and requested that the defendant agree to such postponement.

9.    Defendant refused to postpone the plaintiff's deposition.

10.    Plaintiff currently awaits further discovery response and compliance by the defendant.

11.    Plaintiff, by request of this protective order, does not attempt to prevent the deposition of the plaintiff, but merely seeks a postponement, pending receipt of further discovery compliance by the defendant.

Dated at New London this 15 day of October 2003.

_____
Michael J. Melly

Subscribed and sworn before me this 15 day of October 2003.

_____
MARK MELLY
Comm. Sup Court

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------x
                                                    :
PAULA DASHIEL,                                      :
                                                    :
                          Plaintiff,                :
                                                    :        Case No.: 3:02-CV-01231 (CFD)
         -against-                                  :
                                                    :
THE PRUDENTIAL INSURANCE,                           :        June 23, 2003
COMPANY OF AMERICA,                                 :
                                                    :
                          Defendant.                :
                                                    :
-------------------------------------------------------------x

## DEFENDANT'S RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil

Rules of the Court, defendant The Prudential Insurance Company of America ("Prudential"),

through its attorneys, hereby submits these responses and objections to Plaintiff's First Request

For Interrogatories.

## I.

## RESERVATION OF RIGHTS

Any responses to these Interrogatories are made subject to Prudential's right to object to

the admission of any and all such responses on the grounds that they, or any of them, are

irrelevant to the issues in this action or are otherwise inadmissible.  Prudential responds to the

Interrogatories subject to the accompanying objections, without waiving and expressly

preserving all such objections.  Prudential also submits these responses subject to, without

intending to waive and expressly preserving: (a) any objections as to privilege or work product

and (b) the right to object to other discovery procedures concerning the subject matter of the

*Exhibit 1*

Interrogatories to which it responds herein. These responses are based on Prudential's present knowledge, information and belief and are subject to amendment and supplementation as Prudential acquires additional information and completes its discovery of the facts underlying this case.

## II.

### GENERAL OBJECTIONS

1.      Prudential objects to the Definitions and Instructions set forth in the Interrogatories to the extent they seek or purport to impose upon Prudential obligations other than those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the Court. Prudential's objections to the Interrogatories are prescribed by, and Prudential hereby responds in accordance with, the Federal Rules of Civil Procedure and the Local Civil Rules of the Court.

2.      Prudential objects to the Interrogatories to the extent they seek attorney work-product, trial preparation materials, identification of documents prepared after the commencement of this litigation or the filing of plaintiff's administrative charge, or communications protected by the attorney-client privilege or any other applicable privilege.

3.      Prudential objects to the Interrogatories to the extent that the information requested therein is equally accessible to plaintiff and/or her counsel.

4.      Prudential objects to the Interrogatories to the extent that they are not limited in time. Prudential further objects to the Interrogatories to the extent they seek information or documents created or dated prior to September 1, 1999 or after October 31, 2001, plaintiff's last day of employment with Prudential, on the grounds that they are overly broad, unduly burdensome, and purport to request information that is neither relevant to the subject matter of

this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Consequently, Prudential will only produce information for the time period of September 1, 1999 to October 31, 2001 (the "relevant time period"), unless otherwise noted.

     5.     Prudential objects to the Interrogatories to the extent that they seek information concerning individuals who were not or are not similarly-situated to plaintiff, and thus purport to request documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Consequently, Prudential will only produce information concerning similarly-situated individuals in the Shelton, Connecticut and Valhalla, New York offices during the relevant time period.

     6.     Each and every response to an Interrogatory is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular Interrogatory is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

### III.

### RESPONSES AND SPECIFIC OBJECTIONS TO
### PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES

INTERROGATORY NO. 1: State the name, address, position, department and facility within the defendant company of each and every person by name and title who assisted in preparing the answers to these Interrogatories.

RESPONSE TO INTERROGATORY NO. 1:

     Prudential objects to this Interrogatory on the grounds that it is unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is protected from disclosure under the attorney-client privilege and attorney work product doctrine.

**INTERROGATORY NO. 2:** State the name, address, position, department and facility within the defendant company of each and every person whom you believe has knowledge of any facts relating to the plaintiff's allegations and/or the defendant's answer and defenses to the plaintiff's allegations in the complaint and give a detailed description of the knowledge possessed by each individual.

RESPONSE TO INTERROGATORY NO. 2:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad and unduly burdensome. Subject to, and without waiving, these objections or the foregoing General Objections, Prudential refers plaintiff to Section A of its Rule 26(a)(1) Initial Disclosures.

**INTERROGATORY NO. 3:** State the name, address, position and department within the defendant company of each and every person whom you intend to call as a witness at the trial of this matter, and state with particularity the nature and description of the testimony to be given by each witness and the facts underlying and/or supporting such testimony.

RESPONSE TO INTERROGATORY NO. 3:

Subject to, and without waiving, the foregoing General Objections, Prudential states that it has not yet determined which individuals it intends to call as witnesses at any trial of this matter and will provide such information in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the Court.

**INTERROGATORY NO. 4:** State the name and addresses of any and all experts contracted and/or retained by you for purpose of this litigation and for each such expert, please state his/her area of expertise, the subject matter, substance of all facts, and substance of all opinions, and a summary of the grounds on which each opinion is based; and state whether each expert witness is expected to testify at trial of this action.

RESPONSE TO INTERROGATORY NO. 4:

Subject to, and without waiving, the foregoing General Objections, Prudential states that it has not yet determined the experts, if any, it expects to testify at any trial of this matter and will provide such information in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the Court.

4

INTERROGATORY NO. 5: State the name, age, race, nationality, salary, department within the company and current job title of all person(s) assuming part or all of the tasks, duties and responsibilities that the plaintiff performed at the time of her termination/separation from the defendant company; and, for each such person, state:

    a. the date that each such person assumed such tasks, duties and responsibilities;

    b. the facility at which each person referred to in subparagraph a performed said duties;

    c. provide the same information requested in subparagraphs a & b for the period 1999 through the present day.

RESPONSE TO INTERROGATORY NO. 5:

       Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the

extent it assumes facts not otherwise admitted or established. Subject to, and without waiving,

these objections and the foregoing General Objections, Prudential states that plaintiff's job of

International Services Coordinator in the Shelton, Connecticut office was eliminated.

INTERROGATORY NO. 6: State whether the plaintiff received retirement, pension or 401k benefits from the defendant, while she was employed by the defendant.

    If so, state,

    a. the value, as of the date of plaintiff's termination/separation from the defendant [October 31, 2001], of the plaintiff's retirement, pension and 401k.

    b. the contribution made by the defendant for each pay period, month and year for the period that plaintiff was employed at the defendant;

    c. the value of each benefit as of the present day.

    d. the name and address of the plan administrator or other person or entity.

RESPONSE TO INTERROGATORY NO. 6:

       Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, and is easily accessible or available to plaintiff.

INTERROGATORY NO. 7:  State whether the plaintiff received medical insurance, dental insurance, life insurance, disability insurance at the time she was terminated from the defendant.

If so, state,

a.    the cost to the defendant of medical insurance, dental insurance, life insurance, disability insurance or other benefit received by the plaintiff as of October 31, 2001.

b.    the cost of each such benefit to the defendant as of the present day for a single female, dob, November 14, 1972.

c.    the contribution made by the plaintiff to the cost of each benefit.

RESPONSE TO INTERROGATORY NO. 7:

Prudential objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving, these objections or the foregoing General Objections, Prudential states that it will produce any information responsive to this request upon receipt of a written statement from plaintiff's counsel in accordance with the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 164.512(e)(1)(ii), demonstrating that plaintiff has proper notice that her counsel has requested the disclosure of the information sought in this Interrogatory.

INTERROGATORY NO. 8:  As to any investigation or inquiry conducted by the defendant, its agent, servant, employee, contractor, including investigation regarding Plaintiff's claims and defendants defenses and claims in this matter, state:

a.    The date, nature and purpose of any such investigation or inquiry;

b.    Whether any record, report or writing was made of the investigation or inquiry and the date of such;

c.      The name, address and telephone number of the person(s), agency, company or organization conducting the investigation; or inquiry;

d.      A description of the subject matter, results and findings of any such investigation;

e.      The name, address and telephone number of any person, agency, company or organization spoken to and providing statements and information relative to the aforementioned investigation/inquiry.

RESPONSE TO INTERROGATORY NO. 8:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it assumes facts not otherwise admitted or established. Prudential further objects to this Interrogatory to the extent it seeks information and/or communications protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or as trial preparation materials.

INTERROGATORY NO. 9:  State the name, age, date of birth, race, nationality, current job title, salary, department, unit and facility of all employees performing similar duties and/or responsibilities as the plaintiff at the Prudential Real Estate and Relocation Services who were transferred to another position, promoted, demoted, laid off, fired or otherwise terminated or retired, and state the reason(s) therefore and corresponding dates, for the period 1999 through 2002.

RESPONSE TO INTERROGATORY NO. 9:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, seeks private or confidential information, and to the extent it assumes facts not otherwise admitted or established. Subject to, and without waiving, these objections or the foregoing General Objections, Prudential states that the only employee in the Shelton, Connecticut office who was

7

similarly-situated to plaintiff was Joan Schell (Caucasian). Ms. Schell held the job title of

International Services Coordinator and performed similar job duties as plaintiff. During the

period of reorganization, Prudential offered Ms. Schell the opportunity to post for the position of

International Transportation Counselor in the Valhalla, New York office. Ms. Schell declined to

post for that position and, as a result, was not offered a job position in the Valhalla office. Ms.

Schell's job was eliminated and her employment terminated on October 31, 2001.

**INTERROGATORY NO. 10:**  Identify all reports, summaries, surveys, statistical analysis or
other documents prepared by an agent, servant or employee of the defendant detailing some or
all of the following information; the age, race, nationality, date of birth, of those employees who
transferred jobs, promoted, demoted, laid off, fired or otherwise terminated or retried from 1995
through the present.

**RESPONSE TO INTERROGATORY NO. 10:**

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the

extent it assumes facts not otherwise admitted or established. Subject to, and without waiving,

these objections or the foregoing General Objections, Prudential refers plaintiff to the document

produced herewith bearing Bates stamp numbers D 000001 through D 000010.

**INTERROGATORY NO. 11:**  For each such report, summary, survey, statistical analysis
referred to in interrogatory No. 10, identify the name and location of the person, department or
other business unit within the defendant company, or outside contractor, business or entity that
maintains and possesses said report, summary, survey, or analysis.

**RESPONSE TO INTERROGATORY NO. 11:**

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the

extent it assumes facts not otherwise admitted or established.

INTERROGATORY NO. 12: State the title(s) and date(s) of all employee handbook(s), manual(s) and publication(s), and modifications or amendments thereto, published by the defendant for use of employees from 1999 through the present.

RESPONSE TO INTERROGATORY NO. 12:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome and seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to,

and without waiving, these objections or the foregoing General Objections, Prudential identifies

its Employee Handbook: Human Resources reference guide to the partnership between the

company and the employee, its published Prudential HR Policies, and the PRERS Group Move

Relocation Policy and refers plaintiff to the documents produced herewith bearing Bates stamp

numbers D 000011 through D 000333.

INTERROGATORY NO. 13: State the title(s) and date(s) of all handbook(s), manual(s) and publication(s) and modifications and amendments thereto for use and reference by supervisory and management personnel of the defendant from 1994 through the present.

RESPONSE TO INTERROGATORY NO. 13:

See Response to Interrogatory No. 12.

INTERROGATORY NO. 14: State the name of the person(s), date filed and title of those individuals making a complaint to the defendant of discrimination based on race or nationality. Include any complaints made to the defendant internally or to the Connecticut Commission on Human Rights & Opportunities, Equal Employment Opportunity Commission or other state agency in any and all states that the defendant does business or federal or state court in any state that the defendant does business and state the nature, substance and file or docket number of the agency or court complaint.

9

RESPONSE TO INTERROGATORY NO. 14:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the

extent it assumes facts not otherwise admitted or established.

INTERROGATORY NO. 15: State the name of the person(s), date filed and title of those
person(s) making a complaint, either internally or to a state or federal agency or court within any
state that the defendant does business, regarding the following:

   a.  the relocation of Prudential Real Estate and Relocation Services;
   b.  the change of duties of the international services coordinator positions(s) at Prudential
       Real Estate and Relocation Services;
   c.  the transfer or elimination of the international services coordinator position in 2001 and
       2002;
   d.  the hiring for or transfer into the international transportation counselor position.

RESPONSE TO INTERROGATORY NO. 15:

   See Response to Interrogatory No. 14.

INTERROGATORY NO. 16: State the name, address, department and facility within the
defendant company and job title of person(s) who have knowledge of any facts and company
policies regarding the following:

   a.  the relocation of Prudential Real Estate and Relocation Services from Shelton,
       Connecticut in 2001 and 2002.
   b.  the relocation of the international services coordinator position(s) from Shelton,
       Connecticut in 2001 and 2002.
   c.  the transfer of persons to the transportation counselor position in 2001 and 2002.
   d.  the application process for transfer or relocation of position(s) upon the relocation of
       Prudential Real Estate and Relocation Services.
   e.  the transfer of the duties of Paula Dashiel upon her termination.
   f.  the termination of Paula Dashiel.

RESPONSE TO INTERROGATORY NO. 16:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the

extent it assumes facts not otherwise admitted or established.  Subject to, and without waiving,

these objections or the foregoing General Objections, Prudential refers plaintiff to its Response

to Interrogatory No. 2.

INTERROGATORY NO. 17:  State whether you have obtained a statement from any person
concerning the incidents alleged in the plaintiff's complaint or defendant's answer, claims and
defenses.  If so, please state:

  a.  Name and address of the person who gave the statement, and date said statement was
      obtained;
  b.  Whether statement was oral or written;
  c.  The name and address of person to whom the statement was made;
  d.  A brief description of the nature and substance of each statement.

RESPONSE TO INTERROGATORY NO. 17:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the

extent it assumes facts not otherwise admitted or established.  Prudential further objects to this

Interrogatory to the extent it seeks information and/or communications protected from disclosure

under the attorney-client privilege, the attorney work-product doctrine, or as trial preparation

materials.  Subject to, and without waiving, these objections or the foregoing General

Objections, Prudential states that no such "statements" have been obtained.

11

**INTERROGATORY NO. 18:**  State whether the Defendant maintains insurance for liability covering discrimination of employees, breach of contract, wrongful discharge/termination or other matter related to the plaintiff's claims and allegations in this matter.

If so, please state:

    (a) The name and address of the insurance carrier;

    (b) The scope, type and purpose of coverage; and

    (c) The policy limits.

**RESPONSE TO INTERROGATORY NO. 18:**

       Prudential objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving, these objections or the foregoing General Objections, Prudential refers plaintiff to Section D of its Rule 26(a)(1) Initial Disclosures.

**INTERROGATORY NO. 19:**  State whether you contend that any record, document or tangible item concerning the plaintiff's allegations and defendant's claims/defenses has been lost, misplaced, modified, altered or destroyed, and if so, state:

    a.  the nature, date and substance of the record, document or tangible item;

    b.  the nature and date of the change, alteration or modification;

    c.  the date of losing, misplacement or destruction;

    d.  the name, department and job title of the person(s) in possession of and/or responsible for said record, document or tangible item;

**RESPONSE TO INTERROGATORY NO. 19:**

       Prudential objects to this Interrogatory on the grounds that it is vague, overly broad and unduly burdensome.  Subject to, and without waiving, these objections or foregoing General Objections, Prudential states that it is unaware at this time of any records, documents, or tangible items that have been lost, misplaced, modified, altered or destroyed.

INTERROGATORY NO. 20: State the date(s) that Prudential Real Estate and Relocation Services moved its offices from the Shelton location and state:

    a.  the name of the facility and address(es) to which all or a portion of the facility, department, unit or position(s) of the facility moved;

    b.  which portion, department, unit or position(s) moved to the addresses referred to in subparagraph a;

    c.  the date(s) that each such portion, department, unit or position moved;

    d.  the names of the persons who were moved in each such move referred to in subparagraphs a-c above;

    e.  the race and nationality of those persons listed in responses to subparagraphs a-d above;

RESPONSE TO INTERROGATORY NO. 20:

        Prudential objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it assumes facts not otherwise admitted or established. Subject to, and without waiving, these objections or the foregoing General Objections, Prudential states that, in or about November 2001, the Shelton, Connecticut office was closed and further refers plaintiff to the documents produced herewith bearing Bates stamp numbers D 000001 through D 000010.

INTERROGATORY NO. 21: For each who relocated from the Shelton facility to another Prudential facility, state:

    a.  the name, address, race, nationality and date of birth of each employee who relocated to another facility;

    b.  the name and address of the other facility to which each of the persons, referred to in subparagraph a above, moved;

    c.  the job title, job duties, salary and dates each employee, referred to in subparagraph a above, held each position at the new [or different] facility;

    d.  the job title, job duties, salary and dates each employee, referred to in subparagraph a above, held each position at the Shelton facility;

**RESPONSE TO INTERROGATORY NO. 21:**

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the

extent it assumes facts not otherwise admitted or established.  Subject to, and without waiving,

these objections or the foregoing General Objections, Prudential refers plaintiff to the documents

produced herewith bearing Bates stamp numbers D 000001 through D 000010.

**INTERROGATORY NO. 22:**  State the name, address, race, nationality, salary, age and date of
birth of those employees of the defendant who held the position of International Services
Coordinator or International Transportation Counselor from 1999 through the present at any
facility of the defendant and, for each person state:

    a.  for each position, the name and address of the facility at which each such employee
was/is located.

    b.  the title of the position each person held;

    c.  the dates that each person held each such position referred to in subparagraphs a-b above;

    d.  the position and location of the facility of each position to which any person in response
to subparagraphs a-c above transferred.

**RESPONSE TO INTERROGATORY NO. 22:**

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, seeks private

or confidential information, and to the extent it assumes facts not otherwise admitted or

established.  Subject to, and without waiving, these objections or the foregoing General

Objections, Prudential refers plaintiff to its Response to Interrogatory Nos. 9 and 10, and further

states that the following individuals held the position of International Transportation Counselor

in the Valhalla office as of late 2001:  Jan Kessler (Caucasian), Patricia Hardy (Black), Sigal

14

Reingold (Caucasian), Priscilla Dobbs (Black), Ellen Shelousky (Caucasian), and Ann Knotts (Black).

INTERROGATORY NO. 23: State the name, address, race, nationality, age, date of birth, job title, salary and location of the facility of all employees of the defendant at the Shelton, Connecticut [while there was a facility in Shelton]; Valhalla, New York; and Phoenix, Arizona facilities from 1999 through the present.

RESPONSE TO INTERROGATORY NO. 23:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, seeks private or confidential information, and to the extent it assumes facts not otherwise admitted or established. Subject to, and without waiving, these objections or the foregoing General Objections, Prudential refers plaintiff to the documents produced herewith bearing Bates stamp numbers D 000001 through D 000010.

INTERROGATORY NO. 24: State the job title and salary range of all positions within the defendant company at the Shelton, Connecticut [while there was a facility in Shelton]; Valhalla, New York and Phoenix Arizona facilities.

RESPONSE TO INTERROGATORY NO. 24:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, seeks private or confidential information, and to the extent it assumes facts not otherwise admitted or established. Subject to, and without waiving, these objections or the foregoing General Objections, Prudential refers plaintiff to the documents produced herewith bearing Bates stamp numbers D 000001 through D 000010 with respect to job titles.

**INTERROGATORY NO. 25**:  State the name, race, nationality, address and facility location and job title of all supervisory, management and human resources personnel at Prudential Real Estate and Relocation Services at Shelton, Connecticut in 2001; and, further state the same for the Valhalla, New York and Phoenix, Arizona facilities in 2001.

RESPONSE TO INTERROGATORY NO. 25:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the

extent it assumes facts not otherwise admitted or established.  Subject to, and without waiving,

these objections or the foregoing General Objections, Prudential identifies the following

individuals in the Shelton, Connecticut or Valhalla, New York offices during the relevant time

period:

     Debra Kershaw, Manager, International Transportation (African American);

     Rosemary Moreno, Director, Human Resources in the Shelton office. (Caucasian);

     Kathy Morris, Director, International Business Development (Caucasian);

     John Fernandez, Director, International Operations (Hispanic); and

     John O'Connell, Vice President, International Operations (Caucasian).


**INTERROGATORY NO. 26**:  State the name, race, department and facility location of all employees of the defendant company for the years 1999 through 2001.

RESPONSE TO INTERROGATORY NO. 26:

Prudential objects to this Interrogatory on the grounds that it is vague, overly broad,

unduly burdensome, seeks information that is neither relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence, and to the

extent it assumes facts not otherwise admitted or established.  Subject to, and without waiving,

these objections or the foregoing General Objections, Prudential refers plaintiff to the documents

produced herewith bearing Bates stamp numbers D 000001 though D 000010.


INTERROGATORY NO. 27: State the name, race, department and facility location of all
employees of the defendant company who were laid-off or terminated in the years 1999 through
2001 and, state the reason for lay-off, reduction in force or termination and the dates of said lay-
off, reduction in force or termination..

RESPONSE TO INTERROGATORY NO. 27:

> See Response to Interrogatory No. 10.


INTERROGATORY NO. 28: State the name, race, department and facility location of all
employees at the Shelton, Connecticut; Valhalla, New York and Phoenix, Arizona facilities of
the defendant company who were laid-off or terminated in the years 1999 through 2001 and,
state the reason for lay-off, reduction in force or termination and the dates of said lay-off,
reduction in force or termination.

RESPONSE TO INTERROGATORY NO. 28:

> See Response to Interrogatory No. 10.

Dated at Newark, New Jersey this 23rd day of June, 2003.


                                        PROSKAUER ROSE LLP

                                        By _Edward Cerasia_
                                            Edward Cerasia II
                                            Fed. Bar No. ct13096
                                            Mary Elizabeth Deno
                                            Fed. Bar No. ct24335
                                        One Newark Center, 18th Floor
                                        Newark, New Jersey 07102
                                        Tel.: 973.274.3200
                                        Fax: 973.274.3299
                                        E-mail: ecerasia@proskauer.com
                                        E-mail: mdeno@proskauer.com

Local Counsel:

Jonathan B. Orleans
  Fed. Bar No. ct05440
ZELDES, NEEDLE & COOPER
A PROFESSIONAL CORPORATION
1000 Lafayette Boulevard
Bridgeport, Connecticut 06601
203.333.9441
E-Mail: jorleans@znclaw.com

## VERIFICATION

I, Sharon Wright, certify that I am the Vice President, Human Resources of Prudential Real Estate and Relocation Services ("PRERS") and that I am authorized to execute this Verification on behalf of Prudential. I have reviewed Defendant's Responses to Plaintiff's First Request For Interrogatories. I am informed and believe that the information provided in the response to these Interrogatories is true and correct based upon personal knowledge and my review of business records maintained by Prudential or PRERS in the regular course of their business.

Sharon Wright

Dated: June **25**, 2003

19

## CERTIFICATION OF SERVICE

I hereby certify that on June 23, 2003, I caused to be served a true and correct copy of

Defendant's Responses and Objections to Plaintiff's First Request for Interrogatories by U.S.

Mail, postage prepaid, on the following counsel for plaintiff:

Michael J. Melly, Esq.
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT 06525

Mary Elizabeth Deno

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAULA DASHIEL                                :
Plaintiff,                                   :        CIVIL ACTION NO.
                                             :        302CV01231 (CFD)
                                             :
        V.                                   :
                                             :
THE PRUDENTIAL INSURANCE COMPANY:
OF AMERICA                                   :
                                             :
Defendant.                                   :        May 21, 2003

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

The Plaintiff, Paula Dashiel, requests, pursuant to Fed. R. Civ. P. 34, that the

Defendant, The Prudential Insurance Company of America, produce the following.

This discovery request is to be considered continuing; you are requested to

provide, by way of supplementary production, such additional documents as you or any

other person acting on your behalf may obtain which will augment or modify your initial

compliance. Such supplementary compliance is to be served upon Plaintiff within thirty

(30) days of receipt of such documents. In responding to this discovery request, please

refer to the following definitions and rules of construction.

A.      DEFINITIONS:

        1.      "Communication": The term "communication" means the

transmittal of information (in the form of facts, ideas, inquiries or otherwise).

        2.      "Document": The term "document" is defined to be synonymous

in meaning and equal in scope to the usage of this term in Federal Rule of Civil

*Exhibit 2*

1

Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term. For purposes of this request, "document" also refers to all information contained and/or stored on computer system hard drive(s), disc(s), server(s) or other storage device(s )or mechanism(s), including those maintained and operated by third party persons or entities for and on behalf of the defendant.

3.    "Identify" (With Respect to Persons): When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to the subsequent discovery requesting the identification of that person.

4.    "Identify" (With Respect to Documents): When referring to documents, "identify" means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s). This includes electronic and electronic backup material.

5.    "Parties": The terms "Plaintiff" and "Defendant", as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party, and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2

6.    "Person": The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7.    "Concerning": The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.    The words "Defendant's" and "you" or "your" shall be deemed synonymous and shall be deemed to include any and all agents, servants, employees, attorneys and other representatives of Defendants.

9.    "Advertising": the term "advertising" refers to any advertisements, marketing, newspapers, magazines, or other written median, internet media, television, radio, in person presentations, telephone calls, either cold calling or via other contracts, relating to picture, written material or any other alternative medium.

10.    "Impairment" or "disability" Impairment or disability includes any and all health related conditions, illnesses, issues, incidents and developments of a person whether or not medically diagnosed as impaired or disabled and whether or not the defendant understands or classifies said medical illness, condition, issue or incident as an impairment or disability.

B.    RULES OF CONSTRUCTION:

1.    "All" / "Each": The terms "all" and "each" shall both be constructed as all and each.

2.    "And" / "Or": The connectives "and" and "or" shall be construed as either disjunctively or conjunctively as necessary to bring within the

scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. "Number": The use of the singular form of any word includes the plural and vice versa.

4. If any document requested to be produced was, but is no longer in, Defendant's possession or control, or is no longer in existence, please state:

(a)     whether it is (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others, and, if so, to whom, or (d) otherwise disposed of; and

(b)     with respect to each such document and disposition, (a) explain the circumstances surrounding an authorization for such disposition and the approximate date thereof, and (b) state any information available to you which might be helpful in locating originals or copies of the document in question.

5. In accordance with Rule 26 (b)(5) of the Federal Rules of Civil Procedure, if you claim that any document is not discoverable because it is privileged or subject to Protection as trial material, please make the claim expressly and describe the nature of the documents not produced in a manner that, without revealing information itself, privileged or protected, will enable Defendant to assess the applicability of the privilege or protection.

4

6. Additionally, in accordance with Local Rule 9(d)(1), with respect to any such document, please provide the following information in the form of a privilege log:

    (a)    the type of document;

    (b)    the general subject matter of the document;

    (c)    the date of the document;

    (d)    the author of the document; and

    (e)    each recipient of the document.

## REQUEST FOR PRODUCTION

1.    Plaintiff's personnel file and other file, folder, document or item created, prepared or held by supervisory or management personnel containing information relative to the plaintiff.

2.    Any and all documents reflecting that the plaintiff was terminated or resigned and the reasons for her termination, resignation or separation from defendant company.

3.      Any and all documents reflecting the plaintiff's job title and description, pay rate, and salary prior to her termination or resignation from employment at the defendant company and,

      a.      documents reflecting and detailing the same information for all positions held by the plaintiff while employed at the defendant company;

4.      Any and all memos, notes, letters, correspondence, e-mail or other document regarding advertisement (s) and posting(s) both internal and external to the company relative to the position that plaintiff held at the time of termination from the defendant company.

5.      Any and all memos, notes, letters, correspondence, e-mail or other document regarding the assignment and placement, transfer or hire of any employee of the defendant or other person for the, tasks, duties and responsibilities, or a portion thereof, of the Plaintiff's position upon her termination or separation from the company.

6.      Any and all memos, notes, letters, correspondence, e-mail or other document relative to the job descriptions of all jobs, positions and titles held by the plaintiff while employed at the defendant company and the

corresponding salaries and salary increases for each such job, position and title and,

    a.    provide the same for all positions at the defendant company from 1995 through the present;

7.    Any and all manuals, booklets, pamphlets, memos, letters, correspondence, e-mail, seminar materials or other document relating to training and education of the management and supervisory personnel.

8.    Any and all manuals, handbooks, memos, letters, correspondence, e-mail or other document describing the practices, policies, procedures and goals of the department, unit, team or group within the defendant company in which the plaintiff worked; and, those documents describing the practices, policies, procedures and goals of the plaintiff's position within the defendant company.

9.    Any and all memos, letters, correspondence, e-mail or other document relating to performance evaluations of the plaintiff during her employment at the defendant company.

10.     Any and all memos, letters, correspondence, e-mail or other document relating to a description of the policy, procedure or system used by the defendant to evaluate the performance of its employees during the time that the plaintiff was employed by the defendant.

11.     Any and all memos, letters, correspondence, e-mail, handbook, manual, video or visual recording, computer disc, hard drive or item of storage or other document showing, detailing and outlining and describing any and all jobs, positions and titles, and wage, salary and salary grades associated therewith, at the defendant company during the time that the plaintiff was employed at the defendant company through the present.

12.     Any and all letters, notes, memos, reports, evaluations or opinions of experts retained by the defendant relative to any of the issues involved in this case.

13.     Any and all letters, notes, memos, correspondence, or reports related to investigation(s) and/or inquiries, including those conducted by attorneys, conducted relative to the plaintiff or the plaintiff's claims in this matter and the name(s) of those entities and persons conducting such

investigation/inquiry and in possession of the findings of any such inquiry/investigation.

14. Any and all written or oral statements or stenographic, mechanical, electrical, or other recording or transcription thereof made by any person, including any party to this case concerning this action or its subject matter and,

   a. produce the same regarding any issue, subject and topic of the relocation or transfer of persons and positions within the Prudential Real Estate and Relocation Services from 2000 through the present;

   b. produce the same regarding any issue, subject and topic regarding the relocation of Prudential Real Estate and Relocation Services;

15. Any and all diaries, logs, notes, journals, calendars or other stenographic, mechanical, electronic or other recording prepared by the defendant, or its employees, agents or servants, concerning the plaintiff's employment, termination, resignation or separation from the defendant company.

9

16.     Any and all complaints, dispositions, settlement agreements or severance
agreements, verdicts, awards or orders and any memos, notes and
correspondence related thereto concerning employees or former
employees who were dissatisfied with or complained about any transfer,
relocation, lateral job offer, promotion or demotion, harassment (based on
race), discrimination (based on race), salary, benefit or bonus for the
period that the plaintiff was employed by the defendant and through the
present.

17.     Any and all handbooks, pamphlets, booklets, memos, correspondence, e-
mail, audio recordings, visual recordings, or other materials outlining
rules, regulations, policies or guidelines to be followed by employees,
management and other personnel employed by the defendant, including
said materials that may be for supervisory or management personnel only
for the period that the plaintiff was employed at the defendant company
through the present.

18.     Any and all handbooks, pamphlets, booklets, memos, correspondence, e-
mail, audio recordings, visual recordings, or other materials outlining
rules, regulations, policies or guidelines to be followed by employees,
management and other personnel of the defendant in making hiring

decisions for new employees as well as existing employees who apply for lateral, higher or any other position other than their current position within the company, for the period that the plaintiff was employed at defendant company through the present.

19.  Any and all memos, notes, correspondence- e-mails or other documents showing, detailing, outlining or referring to discrimination or wage and hour claims, including the findings and rulings of said claims filed by employees of defendant company with the Connecticut Commission on Human Rights (CHRO) or the Connecticut Department of Labor, for the period that the plaintiff was employed by the defendant and through the present.

20.  Any and all memos, notes, correspondence, e-mails, pamphlets, brochures or other documents detailing the benefits provided to the plaintiff including but not limited to health insurance, life insurance, pension, retirement, savings plans, profit sharing, stock plans, stock options, vacation, sick days, personal days or other fringe benefit as of the date of the plaintiff's separation for the defendant company.

21.    Any and all memos, notes, correspondence, e-mails or other documents detailing the benefits provided to defendant's employees including but not limited to health insurance, life insurance, pension, retirement, savings plans, profit sharing, stock plans, stock options, vacation, sick days, personal days for the years 2000 through the present.

22.    All documents detailing and summarizing of the total value of any and all retirement, pension, stock, savings or other benefit accrued by the plaintiff or that the plaintiff received or had a vested interest in as of the date of termination/separation from the defendant company and as of the present day.

23.    Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other document detailing the race, salary, wage and bonus of all those employed at the defendant as well as for employees terminated, resigned or retired or otherwise separated from the defendant company for the period that the plaintiff was employed by the defendant and through the present.

24.    Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other document detailing the name, race and address of all employees of the defendant who moved, transferred, were promoted or demoted from one position to another within the company as a result of the relocation of Prudential Real Estate and Relocation Services through the present and,

      a.    any and all documents relating to the title, description, salary and any other code or description detailing the position moved, transferred, promoted or demoted to;

      b.    any and all documents relating to the title, description, salary and any other code or description detailing the position moved, transferred, promoted from;

      c.    the date of any move, transfer or promotion referred to in the substance of this interrogatory or its subparts;

25.    Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other document detailing the race of all employees of the defendant who moved, transferred, were promoted or demoted from

one position to another within the company from 1995 through the present and,

    a.    any and all documents relating to the title, description, salary and any other description detailing the position moved, transferred, promoted or demoted to within the company;

    b.    any and all documents relating to the title, description, salary and any other description detailing the position moved, transferred, promoted or demoted from within the company;

    c.    the date of any move, transfer or promotion referred to in the substance of this interrogatory or its subparts;

26.    Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other document provided to a state, federal or other governmental agency detailing the race of employees who were terminated, laid-off, promoted, demoted and salary increase or decrease at the defendant company, for the period that the plaintiff was employed by the defendant and through the present.

27.    Any and all postings, advertisements, notices, flyers, e-mails or other document advertising, publicizing or offering positions in Valhalla, New York and Phoenix, Arizona for the period one year prior to and one year subsequent to the plaintiff's termination or separation from the defendant company.

28.    Any and all postings, advertisements, notices, flyers, e-mails or other document advertising, publicizing or offering (at any time) the position that the plaintiff held at the time of her termination/separation from the company.

29.    Any and all memos, letters, correspondence, e-mail or other document detailing the job descriptions and salary, salary range, wage and bonus for all positions and jobs at the defendant company from 1995 through the present

30.     Any and all documents reflecting resumes, job applications, writings, notations, comments or other written symbols regarding the race of any and all person(s), including new hires, who replaced the plaintiff in her position with the defendant company or who assumed part or all of the plaintiffs' duties, tasks and responsibilities subsequent to the plaintiff leaving/separating from the company.

31.     Any and all diaries, logs, notes, journals, calendars or other stenographic, mechanical, electronic or other recording prepared by the defendant, or its employees, agents or servants, concerning the relocation of Prudential Real Estate and Relocation Services from its Shelton, Connecticut location.

32.     Any and all statements of the defendant, or its employees, agents or servants, concerning the relocation of Prudential Real Estate and Relocation Services from its Shelton, Connecticut location.

33.    Any and all diaries, logs, notes, journals, calendars or other stenographic, mechanical, electronic or other recording prepared by the defendant, or its employees, agents or servants, concerning the transfer of employees from the Shelton, Connecticut facility of Prudential Real Estate and Relocation Services to another Prudential facility and,

    a.    any and all documents relating to the title, description, salary and any other description detailing the position moved, transferred, promoted or demoted to within the company;

    b.    any and all documents relating to the title, description, salary and any other description detailing the position moved, transferred, promoted or demoted from within the company;

    c.    the date of any move, transfer or promotion referred to in the substance of this interrogatory or its subparts;

34.    Complaints of employees based in Title VII issues, subjects and topics and,

      a.    memos, e-mail, correspondence or other document responding to complaints referred to above;

35.    Memos, correspondence, resumes, job applications and documents regarding transfers and new hires into the positions of International Services Coordinator and International Transportation Counselor from 2001 through the present.

36.    Resumes and job applications of all persons holding the position of International Services Coordinator and International Transportation Counselor from 1998 through the present.

Plaintiff
Paula Dashiel,


By: _____
    Michael J. Melly ct17841
    The Employment Law Group, LLC
    8 Lunar Drive
    Woodbridge, Connecticut
    Tel: (203) 389-6526
    Fax: (203) 389-2656

## CERTIFICATION

    This is to certify that a copy of the foregoing was mailed and faxed this to the following counsel of record:

5/21/03

    Edward Cerasia II
    Mary Elizabeth Deno
    Proskauer Rose LLP
    One Newark Center, 18th Floor
    Newark, NJ 07102


    Jonathan B. Orleans
    Zeldes, Needle & Cooper
    1000 Lafayette Blvd.
    Bridgeport, CT 06601

_____
Michael J. Melly

20

# PROSKAUER ROSE LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Marvin M. Goldstein, Managing Resident Partner

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

NEW YORK
LOS ANGELES
WASHINGTON
BOCA RATON
PARIS

**Mary Elizabeth Deno**
Attorney at Law

Direct Dial 973.274.3213
mdeno@proskauer.com

May 16, 2003

**BY FAX & REGULAR MAIL**

Michael J. Melly, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

Re:     Dashiel v. Prudential Insurance Company of America
        Civil Action No. 3:02-CV-01231 (CFD)

Dear Mike:

Further to our telephone conversation today, I write to confirm your consent to Prudential's request for an extension, up to and including, June 9, 2003, to respond to Plaintiff's First Request For Interrogatories.

Thank you for your cooperation.

Very truly yours,

Mary Elizabeth Deno

cc:     Edward Cerasia II, Esq.
        Jonathan B. Orleans, Esq. (via regular mail)

6149/57733-011 NJWORD/55365 v1

*Exhibit 3*

# PROSKAUER ROSE LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Marvin M. Goldstein, Managing Resident Partner

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

NEW YORK
LOS ANGELES
WASHINGTON
BOCA RATON
PARIS

**Mary Elizabeth Deno**
Attorney at Law

Direct Dial 973.274.3213
mdeno@proskauer.com

June 6, 2003

**BY FAX & REGULAR MAIL**

Michael J. Melly, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

Re:    Dashiel v. Prudential Insurance Company of America
       Civil Action No. 3:02-CV-01231 (CFD)

Dear Mike:

Further to the voice messages I left for you on June 4 and 5, 2003, I was calling to request a two week extension, up to and including, June 23, 2003, to respond to Plaintiff's First Request For Interrogatories.  If we can respond sooner than June 23, 2003, we will do so.  Please let me know if this is a problem.

Thank you in advance for your professional courtesies.

Very truly yours,

Mary Elizabeth Deno

cc:    Edward Cerasia II, Esq.
       Jonathan B. Orleans, Esq. (via regular mail)

**PROSKAUER ROSE LLP**

A NEW YORK LIMITED LIABILITY PARTNERSHIP

Marvin M. Goldstein, Managing Resident Partner

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

NEW YORK
LOS ANGELES
WASHINGTON
BOCA RATON
PARIS

Mary Elizabeth Deno
Attorney at Law

Direct Dial 973.274.3213
mdeno@proskauer.com

June 19, 2003

**BY FAX & REGULAR MAIL**

Michael J. Melly, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

Re:    Dashiel v. Prudential Insurance Company of America
       Civil Action No. 3:02-CV-01231 (CFD)

Dear Mike:

Further to my office's telephone conversation with Melissa Grant today, I write to confirm your consent to Prudential's request for an extension, up to and including, July 15, 2003, to respond to Plaintiff's First Request For Production of Documents.

Thank you for your cooperation.

Very truly yours,

Mary Elizabeth Deno

cc:    Edward Cerasia II, Esq.
       Jonathan B. Orleans, Esq. (via regular mail)

6149/57733-011 NJWORD/57814 v1

# PROSKAUER ROSE LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Marvin M. Goldstein, Managing Resident Partner

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

NEW YORK
LOS ANGELES
WASHINGTON
BOCA RATON
PARIS

**Mary Elizabeth Deno**
Attorney at Law

Direct Dial 973.274.3213
mdeno@proskauer.com

June 23, 2003

**BY REGULAR MAIL**

Michael J. Melly, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

Re:     Dashiel v. Prudential Insurance Company of America
        Civil Action No. 3:02-CV-01231 (CFD)

Dear Mike:

Enclosed please find Prudential's Responses And Objections To Plaintiff's First Request For
Interrogatories.  Further to our telephone conversation today, Prudential's Responses and
Objections identify documents it intends to produce with corresponding Bates stamp numbers in
anticipation of the parties entering into a stipulation and order governing the treatment of
confidential material.  As we discussed, Prudential is withholding production of those documents
until the parties reach an agreement with respect to the confidential treatment of documents
exchanged in this case.

Please call me at your first convenience to discuss the draft Stipulation And Order Governing
The Treatment Of Confidential Material, which I e-mailed to you last Thursday, June 19, 2003.
If this Stipulation and Order meets with your approval, please let me know and I will get you the
original Stipulation for signature.

Thank you for your cooperation.

Very truly yours,

Mary Elizabeth Deno

cc:     Edward Cerasia II, Esq.
        Jonathan B. Orleans, Esq. (via regular mail)

6149/57733-011 NJWORD/57948 v1

# PROSKAUER ROSE LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Marvin M. Goldstein, Managing Resident Partner

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

NEW YORK
LOS ANGELES
WASHINGTON
BOCA RATON
PARIS

**Mary Elizabeth Deno**
Attorney at Law

Direct Dial 973.274.3213
mdeno@proskauer.com

July 9, 2003

## BY FAX & REGULAR MAIL

Melissa Grant
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

Re:     Dashiel v. Prudential Insurance Company of America
        Civil Action No. 3:02-CV-01231 (CFD)

Dear Melissa:

Further to our telephone conversation today, I write to confirm your consent to Prudential's request for an extension, up to and including, July 29, 2003, to respond to Plaintiff's First Request For Production and Plaintiff's Second Request For Interrogatories.

Thank you for your professional courtesies.

Very truly yours,

Mary Elizabeth Deno

Mary Elizabeth Deno

cc:     Edward Cerasia II, Esq.
        Jonathan B. Orleans, Esq. (via regular mail)

6149/57733-011 NJWORD/58998 v1

| | |
|---|---|
| Subj: | **Re: Dashiel v. Prudential** |
| Date: | 9/25/03 11:16:43 AM Pacific Daylight Time |
| From: | Mjmelly |
| To: | MDeno@proskauer.com |
| File: | **lttr to Deno re new adress and discovery.doc** (25088 bytes) DL Time (49333 bps): < 1 minute |

M

Attached is copy of correspondence that went out yesterday. You would have had it today except that your office is located out of state.  When do you intend to

send the diswcovery that I have been waiting for for nearly six months.  I intend to get notices out next week.  Provide me dates for your availability.

Thanks

M

*Exhibit  4*

| Subj: | **Re: Dashiel Discovery** |
| Date: | 10/10/03 9:22:33 PM Pacific Daylight Time |
| From: | Mjmelly |
| To: | MDeno@proskauer.com |

Mary

Please do not tell me about the rules. I follow the rules. You guys are obviously obstructing discovery. I called you [again] as I stated I would and you were not in. Rest assured I will call again. Further, there was nothing unprofessional about my call today. Your comments [email] were totally self serving. If you want to limit this to writing--fine -prepare for motion practice. You've answered and produced almost nothing. To respond as you did "what am I looking for? is an insult.

M

Subj:  Dashiel case
Date:  10/15/2003 12:13:39 AM Eastern Daylight Time
From:  Mjmelly
To:    MDeno@proskauer.com

Mary
     As you know I suggested [on October 13, 2003] that we reschedule the plaintiff's deposition pending receipt of information and documents from the defendant that were requested by the plaintiff in discovery.  The lack of discovery response by the defendant makes it senseless and wasteful to conduct a deposition at this time.  The documents that I have requested and haev been awaiting for such a long time are crutial to the issues in this case.  As I stated yesterday, my purpose is not to prevent you from deposing the plaintiff.
     Please communicate ASAP regarding this issue.

Michael Melly

*Exhibit 5*