UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------x

PAULA DASHIEL,                          :

              Plaintiff,       :     Case No.  3:02-CV-01231 (CFD)

    -against-                           :

THE PRUDENTIAL INSURANCE          :     November 4, 2003
COMPANY OF AMERICA,

         Defendant.       :

-----------------------------------------------------x

### DECLARATION OF MARY ELIZABETH DENO, ESQ.

MARY ELIZABETH DENO, ESQ. declares under penalty of perjury:

    1.     I am an associate with the law firm of Proskauer Rose LLP, lead attorneys for

defendant The Prudential Life Insurance Company of America ("Prudential") in the above-

referenced case.  I submit this Declaration, which is based on personal knowledge, in opposition

to plaintiff Paula Dashiel's Fed. R. Civ. P. 26(c) motion for a protective order.

    2.     I have been involved in the discovery process of this case and have had several

communications with Michael Melly, attorney for plaintiff, and his former law office, The

Employment Law Group, with respect to coordinating discovery and scheduling Ms. Dashiel's

deposition in this case.

    3.     After Ms. Dashiel served her First Request for Interrogatories, her Second

Request for Interrogatories and her First Request for Production of Documents, Attorney Melly

consented to Prudential's request for extensions because Prudential was having difficulty

locating and gathering responsive information and documents in light of the fact that the Shelton

facility, where Ms. Dashiel was employed, closed in 2001, and the fact that Ms. Dashiel's working unit no longer exists.

4.    Because of the confidential nature of the information and documents Prudential intended to produce in response to Ms. Dashiel's discovery requests, on June 19, 2003, I sent Attorney Melly a draft Stipulation and Order of Confidentiality Governing the Treatment of Confidential Material ("Confidentiality Stipulation") for his review.  Attorney Melly did not sign the Confidentiality Stipulation until August 19, 2003, and I did not receive it until August 28, 2003.  Appended to this Declaration as Exhibit A is a true and correct copy of my June 19, 2003 e-mail to Attorney Melly.

5.    Notwithstanding Attorney Melly's delay in reviewing and signing the Confidentiality Stipulation, Prudential served its written responses to Ms. Dashiel's discovery requests on June 23, 2003 and July 29, 2003.  Appended to this Declaration as Exhibit B is a true and correct copy of the Prudential's written discovery responses.

6.    Since early May, I have had several communications with Attorney Melly and his former paralegal, Melissa Grant, to schedule Ms. Dashiel's deposition.  On May 6, 2003, Prudential first noticed Ms. Dashiel's deposition for June 20, 2003.  On May 8, 2003, Ms. Grant, sent a letter to me and Edward Cerasia II, Esq. notifying us that Attorney Melly was not available for Ms. Dashiel's deposition until after July 11, 2003, and asked us to provide alternative dates for her deposition.  Appended to this Declaration as Exhibit C is a true and correct copy Prudential's May 6, 2003 Notice To Take Plaintiff's Deposition and the May 8, 2003 letter from Ms. Grant to me and Attorney Cerasia.

7.    On July 16, 2003, I left a detailed voice-message for Ms. Grant to reschedule Ms. Dashiel's deposition for either August 14, 15 or during the week of August 18, 2003, and sent a

2

follow-up letter to Ms. Grant dated July 21, 2003.  In response, I received a July 23, 2003 letter

from Pamela Cunningham, Office Manager of The Employment Law Group, stating that Ms.

Grant was on maternity leave and that she would contact me in approximately two weeks to

schedule Ms. Dashiel's deposition.  Appended to this Declaration as Exhibit D is a true and

correct copy of my July 21, 2003 letter to Ms. Grant and the July 23, 2003 letter from Ms.

Cunningham to me.

      8.     On July 28, 2003, I spoke with Attorney Melly by telephone to follow up on the

status of his review of the Confidentiality Stipulation.  During that conversation, Attorney Melly

informed me that he had not reviewed it yet, but that he would soon so that Prudential could

produce its discovery responses.  I informed Attorney Melly that my firm would serve

Prudential's written responses — which we did on June 23 and July 29 — but hold any responsive

documents pending execution of the Confidentiality Stipulation.  At that time, I also asked

Attorney Melly to check on Ms. Dashiel's availability to reschedule her deposition for August 14

or during the week of August 18, 2003.  I followed up this telephone call with an e-mail to

Attorney Melly on July 30, 2003, again inquiring as to whether he had an opportunity to speak

with Ms. Dashiel to reschedule her deposition.  Attorney Melly did not respond to my July 28,

2003 telephone conversation or July 30, 2003 e-mail.  Therefore, on August 8, 2003, I sent

Attorney Melly another follow-up letter.  Appended to this Declaration as Exhibit E is a true and

correct copy of my July 30, 2003 e-mail and August 8, 2003 letter to Attorney Melly.

      9.     On August 18, 2003, I spoke to Ms. Grant on the telephone.  She informed me

that she still had to confer with Ms. Dashiel as to her availability for a deposition.  I asked Ms.

Grant to get back to me as soon as possible and reminded her that Prudential was still waiting for

Attorney Melly review and sign the Confidentiality Stipulation.  On August 20, 2003, Attorney

Melly sent me an e-mail stating that the Confidentiality Stipulation was in the mail and that he would have Ms. Grant call me to schedule Ms. Dashiel's deposition. Appended to this Declaration as Exhibit F is a true and correct copy of Attorney Melly's August 20, 2003 e-mail to me.

10.    On August 28, 2003, Ms Grant called my office and scheduled Ms. Dashiel's deposition for September 17, 2003, at 9:30 a.m. That same day, I sent Ms. Grant a letter confirming Ms. Dashiel's deposition. Appended to this Declaration as Exhibit G is a true and correct copy of my August 28, 2003 letter to Ms. Grant.

11.    On August 30, 2003, Ms.Grant e-mailed me asking to reschedule Ms. Dashiel's deposition due to work conflicts. On September 2, 2003, I provided Ms. Grant with four more dates — September 23, 24, 25 or 26, 2003 — for the deposition. Because I did not hear back from Ms. Grant, I sent her another letter on September 4, and left a detailed voice-message for her on September 5, inquiring as to whether she had obtained an available date for Ms. Dashiel's deposition. Appended to this Declaration as Exhibit H is a true and correct copy of Ms. Grant's August 30, 2003 e-mail to me and my September 2, 2003 e-mail and September 4, 2003 letter to Ms. Grant.

12.    On September 8, 2003, I spoke to Ms. Grant on the telephone. During that conversation, she informed me that Attorney Melly was no longer with The Employment Law Group and that Eugene Axelrod, Esq. would handle this case. Ms. Grant told me that she had not confirmed a deposition date with Ms. Dashiel, but that she planned to confirm a date for the end of the month. I called Ms. Grant again on September 10, 2003, at which time she stated that she was still waiting to obtain available deposition dates from Ms. Dashiel, but that she was hopeful that Prudential could depose Ms. Dashiel during the week of September 23, 2003.

13.    On September 12, 2003, Ms. Grant sent me an e-mail informing me that her employment with The Employment Law Group had been terminated and that I should contact Attorney Axelrod directly to schedule Ms. Dashiel's deposition. Appended to this Declaration as Exhibit I is a true and correct copy of Ms. Grant's September 12, 2003 e-mail to me.

14.    I left a detailed voice-message for Attorney Axelrod on September 12, 2003, asking him to call me so that we could move forward with this case. I did not hear back from him, so on September 18, 2003, I sent a letter to him in a final attempt to find a mutually convenient time to schedule Ms. Dashiel's deposition on either October 2, 7, 8, 14 or 15. Appended to this Declaration as Exhibit J is a true and correct copy of my September 18, 2003 to Attorney Axelrod.

15.    I spoke with Attorney Axelrod on September 22, 2003. At that time, he told me that Ms. Dashiel had retained Attorney Melly as her counsel and that Attorney Axelrod would withdraw as counsel, which he eventually did. Attorney Axelrod told me that he had no contact information for Attorney Melly at that time.

16.    On September 23, 2003, I received an e-mail from Attorney Melly advising me that he had been retained as Ms. Dashiel's sole attorney and to forward all correspondence to his attention. I responded that same day asking Attorney Melly for his contact information. Not having heard back from him, on September 25, 2003, I e-mailed Attorney Melly again requesting his new contact information and attaching another Notice of Deposition for Ms. Dashiel for October 15, 2003. Appended to this Declaration as Exhibit K is a true and correct copy of the September 23, 2003 e-mail correspondence between me and Attorney Melly and my September 25, 2003 e-mail to Attorney Melly, together with the Notice of Deposition of Plaintiff.

17.     On September 25, 2003, I received an e-mail from Attorney Melly providing his contact information and asking when Prudential was going to serve the documents withheld pending execution of the Confidentiality Stipulation. My firm served Prudential's document responses to Attorney Melly on October 1, 2003, by overnight mail. Appended to this Declaration as Exhibit L is a true and correct copy of Attorney Melly's September 25, 2003 e-mail from to me and my October 1, 2003 letter to Attorney Melly.

18.     On October 10, 2003, Attorney Melly called me and, for the first time, raised several discovery disputes and challenged Prudential's responses as deficient. I asked Attorney Melly to put his discovery disputes in writing so that Prudential could adequately respond and try to resolve the issues. Attorney Melly refused; he stated that doing so would be a "waste of time" and that "from now on it would be about motion practice." In an effort to resolve the issues and avoid motion practice, we agreed to go over the discovery disputes on the telephone, but were unable to do so at that time because Attorney Melly admitted that he had not yet read Prudential's June and July 2003 written responses. I asked Attorney Melly to review Prudential's responses and then call me or Attorney Cerasia to confer about the discovery disputes. Appended to this Declaration as Exhibit M is a true and correct copy of my October 10, 2003 e-mail to Attorney Melly and an October 11, 2003 e-mail response from Attorney Melly to me.

19.     On October 13, 2003, I conferred with Attorney Melly about the alleged deficiencies in Prudential's discovery responses. I told Attorney Melly that Prudential believed that its objections were justified and responses were sufficient, but that I would work with Prudential to obtain additional responsive documents and information, to the extent that they exist.

20.     At the end of the October 13, 2003 telephone conversation, Attorney Melly asked

to continue Ms. Dashiel's deposition, scheduled for October 15, until Prudential produced

supplemental responses. Attorney Melly claimed that a continuance was necessary because,

without further discovery production, Ms. Dashiel would be unable to adequately answer

questions at her deposition, and thus she would be prejudiced and the parties would waste time

and money. I advised Attorney Melly that I did not believe that there was a justifiable basis to

continue Ms. Dashiel's deposition because Prudential only sought to examine Ms. Dashiel about

her factual allegations in the Amended Complaint and what information she knows or has to

support those allegations.

21.     At no time prior to the October 10, 2003 telephone conversation with Attorney

Melly had he or his former office raised any purported deficiencies with Prudential's June and

July 2003 written discovery responses and objections — let alone suggest that such deficiencies

justified postponement of Dashiel's deposition going forward.

22.     On October 14, 2003, I confirmed with Attorney Melly that Prudential intended to

move forward with Ms. Dashiel's deposition on October 15. Upon hearing this, Attorney Melly

advised me that neither he nor Ms. Dashiel would show up on October 15, and that he would file

a motion for a protective order to prevent Prudential from taking Ms. Dashiel's deposition until

Prudential produced more documents and information . Appended to this Declaration as Exhibit

N is a true and correct copy of my October 14, 2003 e-mail to Attorney Melly.

23.     Even after Dashiel filed her Rule 26(c) motion, we conferred with Attorney Melly

in an effort to resolve the parties' discovery disputes. To date, however, he continues to seek

discovery covering employees who were not similarly-situated to Ms. Dashiel or who were not

7

in her work unit. Appended to this Declaration as Exhibit O is a true and correct copy of e-mail correspondence between me and Attorney Melly dated October 24, 27 and November 4, 2003.

24.    Appended to this Declaration as Exhibit P is a true and correct copy of an April 16, 2001 e-mail from Ms. Dashiel to Michael Cazalet and Deborah Kershaw.

25.    Appended to this Declaration as Exhibit Q is a true and correct copy of the August 31, 2001 letter from John O'Connell to Ms. Dashiel, notifying her of her job elimination effective October 31, 2001.

26.    Appended to this Declaration as Exhibit R is a true and correct copy of Ms. Dashiel's charge of race discrimination filed with the Connecticut Commission on Human Rights ("CHRO")

27.    Appended to this Declaration as Exhibit S is a true and correct copy of the CHRO's Merit Assessment dismissing Ms. Dashiel's discrimination claims.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed at Newark, New Jersey on November 4, 2003.


_Mary Elizabeth Deno_
Mary Elizabeth Deno