## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

A TRUE COPY ATTEST:

EDWARD W. JURGELAS
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

The Cadle Company, et al

**V.**

Charles A. Flanagan, et al

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:01CV00531(AVC)

TO:   Paul M. Gaide, Esquire, Gaide & Associates, LLC
      315 Albany Turnpike, Second Floor, Canton, CT 06019

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached.

| PLACE | DATE AND TIME |
|---|---|
| United States District Court, District of Connecticut, 450 Main Street, Hartford, CT 06103 | 10:00 a.m. November 20, 2003 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)        DATE 10/31/03

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mary Anne A. Charron, Esquire, Gordon, Muir and Foley, LLP,
Ten Columbus Boulevard, Hartford, CT 06106

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit A

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1. Any and all telephone records and logs of calls including bills from all of your telephone service carriers between December 31, 1996 and January 31, 1999 which evidence telephone calls to any or all of the following: Todd R. Bainer, Todd R. Bainer, LLC, Leonard A. Fasano, Fasano, Ippolito & Lee, LLC, Stanley F. Prymas, Thompson & Peck, Inc., Charles A. Flanagan.

2. Any and all evidence of communications between you and/or your agents, or any attorney or employee under your direction, and any or all of the following: Todd R. Bainer, Todd R. Bainer, LLC, Leonard A. Fasano, Fasano, Ippolito & Lee, LLC, Stanley F. Prymas, Thompson & Peck, Inc., Charles A. Flanagan, between December 31, 1996 and January 31, 1999, whether oral or written and whether transmitted via facsimile, mail or electronic means.

3. Any and all recordings of oral communications between you and/or your agents or any attorney or employee under your direction, and any or all of the following: Todd R. Bainer, Todd R. Bainer, LLC, Leonard A. Fasano, Fasano, Ippolito & Lee, LLC, Stanley F. Prymas, Thompson & Peck, Inc., Charles A. Flanagan.

4. Any and all evidence showing that D.A.N./Cadle owned notes sued upon by you as counsel for D.A.N./Cadle against Charles A. Flanagan, including but not limited to Charles A. Flanagan notes to Bank of New Haven and Great Country Bank, as well as the assignment of Peoples Bank judgment of $128,217.00 in Bridgeport Superior Court.

```
.SSOZ                 CONCORD                    11/11/2003
                DISPLAY LLC ADDRESS                18:44:04

             GAIDE & ASSOCIATES, LLC, ATTORNEYS AT LAW

BUSINESS ID: 0588886    TERMINATION DATE:
ADDRESS       STREET:  30 TOWER LN


              CITY:  AVON                STATE:    CT ZIP: 06001-
              COUNTRY:
MAILING       STREET:  30 TOWER LN
  ADDRESS


              CITY:  AVON                STATE:    CT ZIP: 06001
              COUNTRY:

PF: 1-HELP  3-END  12-MENU
```

[ Enter ] [ Clear ]

[PF1] [PF2] [PF3] [PF4] [PF5] [PF6] [PF7] [PF8] [PF12]

[ Sign-off of the Concord system ]

Exhibit B

```
CONCORD
.SS6V                        CONCORD                    11/11/2003
                       VALIDATE NAME FOR INQUIRY         18:44:55
                                                        1  OF   1
     NAME   GAIDE & ASSOCIATES, LLC
```

```
BUSINESS NAME NOT FOUND
PF: 1-HELP  3-END  12-MENU
```

[ Enter ] [ Clear ]

[ PF1 ] [ PF2 ] [ PF3 ] [ PF4 ] [ PF5 ] [ PF6 ] [ PF7 ] [ PF8 ] [ PF12 ]

[ Sign-off of the Concord system ]

```
CONCORD
SS14                    CONCORD                11/11/2003
                   DISPLAY FILING HISTORY       18:50:16
                                                              1  OF  1
         GAIDE & ASSOCIATES, LLC, ATTORNEYS AT LAW

 BUSINESS ID:  0588886
    FILING         FILING DATE/TIME      FILING      VOL    ST   NBR OF
    NUMBER        EFFECTIVE DATE/TIME    TYPE               PG   PAGES
   0001825007   APR 09 1998   08:30 AM  ORGANIZATION  00183 B 0676   1

   0001962354   MAR 29 1999   08:30 AM  REPORT (1999) 00258 B 1478   1

   0002393252   JAN 14 2002   08:30 AM  REPORT (2001) 00481 B 2557   2

   0002393251   JAN 14 2002   08:30 AM  REPORT (2000) 00481 B 2555   2


 PF: 1-HELP   3-END   12-MENU
 [Enter] [Clear]

 [PF1] [PF2] [PF3] [PF4] [PF5] [PF6] [PF7] [PF8] [PF12]

 [ Sign-off of the Concord system ]
```

Exhibit C