UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC -3 P 1: 25
US DISTRICT COURT
HARTFORD CT

PAULA DASHIEL,
    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA
    Defendant.

NO. 3:02CV1231(CFD)(TPS)

### RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

The plaintiff, Paula Dashiel, commenced this action against the defendants, The Prudential Insurance Company of America, alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) (2003), breach of an implied contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing, intentional infliction emotional distress, and negligent misrepresentation. Pending before the court is the Plaintiff's Motion for a Protective Order Re: Deposition of Plaintiff. (**Doc. #29**). As explained below, the plaintiff's motion is **DENIED**.

I.

The following facts are relevant. The plaintiff filed suit on July 17, 2002 and amended the complaint on April 23, 2003. The defendants' answer was filed the following day. The defendants also filed motions to dismiss and to stay discovery on November 12, 2002, but these were denied without prejudice.

The plaintiff served her First Request for Interrogatories on April 1, 2003, her Second Request for Interrogatories on May 2, 2003, and her First Request for Production of Documents on May 21, 2003. The defendants responded to the First Request for Interrogatories on June 23, 2003 and to the Second Request for Interrogatories and the First Request for Production Documents on July 29, 2003. However, they withheld documents until the plaintiff signed a Stipulation and Order of Confidentiality Governing the Treatment of Confidential Material. The plaintiff signed and returned the order on August 28, 2003 and the defendants soon thereafter sent the documents in question to the plaintiff.

Nonetheless, the plaintiff complained that the defendants' responses to her discovery requests were lacking. While the plaintiff was scheduled to be deposed on October 15, 2003, she informed the defendants that she would not attend the deposition until the defendants remedied their "deficient" responses. The plaintiff asks this court to issue a protective order which "prevents the defendant from deposing the plaintiff until such time that the defendant has adequately and properly complied with plaintiff's discovery requests." (Pl.'s Mot. Prot. Order, 10/14/03).

II.

Because the liberality of pretrial discovery has the potential to impinge upon the privacy of a party, courts may issue protective

orders which restrict permissible discovery if it would unduly annoy or burden the other party. <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 34 (1984). Rule 26(c) of the Federal Rules of Civil Procedure states, in pertinent part, that

> [u]pon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had . . . [or] that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place. . . .

Fed R. Civ. P. 26(c). A court is given broad discretion regarding whether to issue a protective order. <u>Dove v. Atl. Capital Corp.</u>, 963 F.2d 15, 19 (2d Cir. 1992)(grant and nature of protection is singularly within the district court's discretion); <u>Cruden v. Bank of New York</u>, 957 F.2d 961, 972 (2d Cir. 1992)(order regarding sequence of discovery at discretion of trial judge).

That said, a court may issue a protective order only after the moving party demonstrates good cause. <u>In re Agent Orange Prod. Liab. Litig.</u>, 821 F.2d 139, 145 (2d Cir. 1987). To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." <u>Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal)</u>, No. 94 Civ. 1402, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995)(quoting <u>Cipollone v. Liggett</u>

3

Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

The plaintiff, here, has not met her burden of showing good cause why a protective order should issue. She argues that she would be "substantially prejudiced" because "[s]hould the deposition of the plaintiff proceed at this time without the plaintiff having the benefit of substantial information and documentation supporting her claims, the record [transcript] would be devoid of valuable facts and testimony relevant to the issues and claims." (Pl.'s Mem. Supp. Mot., 10/14/2003, at 4). The court is unpersuaded by this argument; as the defendants point out, the deposition would serve to examine the plaintiff "about *her* factual allegations in the Amended Complaint and what information *she* knows or has to support those allegations." (Ds.' Mem. Opp. Mot., 11/4/03, at 6). The court fails to understand exactly how the plaintiff would be prejudiced, much less substantially prejudiced, by being deposed. That said, even if she were prejudiced, the court is unconvinced that such prejudice would amount to good cause to issue a protective order.

The plaintiff is correct in pointing out that the "discovery rules are designed to facilitate trial proceedings and to make a 'trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." (Pl.'s Mem. Supp. Mot., 10/14/03, at 4 (citations omitted)). Either information or documents are discoverable or

4

they are not. If they are discoverable, they must be provided to the other party unless protected by order of the court. If the plaintiff believes that the defendants' responses to her discovery requests are deficient, she is free to file a motion to compel them to respond appropriately. However, she may not retaliate by withholding discoverable information herself. See <u>Meisch v. Fifth TransOceanic Shipping Co., LTD</u>, No. 94 Civ. 683 (DAB), 1994 U.S. Dist. LEXIS 14995, at *2 (Oct. 21, 1994)(finding dispute developed due to counsel's unjustified insistence on receipt of certain discovery materials before he would allow plaintiff to be deposed). Nor will this court sanction such a practice.

For the foregoing reasons, the plaintiff's motion is **DENIED**. This is not a "recommended ruling". It is a discovery ruling which is subject to review by a trial judge in accordance with the "clearly erroneous" or "contrary to law" statutory standards. Fed. R. Civ. P. 72(a). At the conclusion of all proceedings in this case, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion. See Fed. R. Civ. P. 37.

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 3rd day of December, 2003.

/s/ Thomas P. Smith
THOMAS P. SMITH
UNITED STATES MAGISTRATE JUDGE