UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----x

PAULA DASHIEL,

     Plaintiff,       Case No.  3:02-CV-01231 (CFD)

  -against-

THE PRUDENTIAL INSURANCE     January 21, 2004
COMPANY OF AMERICA,

     Defendant.

           :
     ------x

## DECLARATION OF MARY ELIZABETH DENO, ESQ.

MARY ELIZABETH DENO, ESQ. declares under penalty of perjury:

    am an associate with the law firm of Proskauer Rose LLP, lead attorneys for defendant The Prudential Life Insurance Company of America ("Prudential") in the above-referenced case.  I submit this Declaration, which is based on personal knowledge, in opposition to plaintiff Paula Dashiel's Fed. R. Civ. P. 6(b) and D. Conn. L. Civ. R. 7(b) motion for modification of the scheduling order and an enlargement of time for discovery.

    2.  I have been involved in the discovery process in this case and have had several communications with Michael Melly, attorney for plaintiff, with respect to coordinating discovery and scheduling depositions in this case.

    3.  On December 30, 2004 and December 31, 2004, Attorney Melly and I exchanged e-mails concerning dates for Prudential to take Ms. Dashiel's deposition and for Attorney Melly to take the deposition of Rosemary Moreno, Prudential's former Director, Human Resources.

Appended to this Declaration as Exhibit A is a true and correct copy of my December 30, 2003 e-mail to Attorney Melly and Attorney's Melly's December 31, 2003 e-mail to me.

4.    I was out of the office for the New Year's holiday from Wednesday, December 31, 2003 through January 4, 2004. I returned to the office on Monday, January 5, 2004.

5.    On the evening of December 31, 2003, Attorney Melly sent me an e-mail asking for Prudential's position with respect to his intention to file a motion for a 60-day enlargement of discovery. Appended to this Declaration as Exhibit B is a true and correct copy of Attorney Melly's December 31, 2003 e-mail to me.

6.    Upon my return to the office on Monday, January 5, 2004, I called Attorney Melly and left a detailed voice message confirming Ms. Dashiel's and Ms. Moreno's depositions scheduled for January 13 and 14, 2004, respectively, and asking the purpose of his request for a 60-day extension of time, since it appeared that the parties would be able to complete all contemplated depositions by the January 14, 2004 cut-off date. I did not hear back from Attorney Melly and so I left another voice-message for him on January 6, 2004. When I still did not hear back from Attorney Melly by late in the day on January 6, 2004, I sent him an e-mail to follow-up on my telephone messages. Appended to this Declaration as Exhibit C is a true and correct copy of my January 6, 2004 e-mail to Attorney Melly.

7.    On January 8, 2004, Attorney Melly called me to discuss the scheduled depositions and discovery. He asked that Prudential move Ms. Dashiel's deposition to January 14, 2004, and cancel Ms. Moreno's deposition scheduled for that date because he wanted to serve a Fed. R. Civ. P. 30(b)(6) notice instead of taking Ms. Moreno's deposition. During this telephone conversation, Attorney Melly also stated that he believed Prudential's discovery responses were still deficient and that he wanted an extension of discovery. I did not consent to

2

an extension of discovery. On the contrary, I asked Attorney Melly to let me know what additional discovery he intended to seek so that I could consult with Prudential as to what, if any, additional time might be necessary.    also asked Attorney Melly to put in writing by Monday, January 12, 2004, an outline of alleged deficiencies in Prudential's responses so that the parties could confer in good faith about outstanding discovery issues before he filed a motion to compel. Finally, I asked him to serve us with a Fed. R. Civ. P. 30(b)(6) notice by Monday, January 12, 2004, so that the parties could move forward with the case. That same day, I sent Attorney Melly an e-mail and left a detailed voice message on his answering machine confirming our earlier conversation and rescheduling Ms. Dashiel's deposition for January 14, 2004, as he had requested. Appended to this Declaration as Exhibit D is a true and correct copy of my January 8, 2004 e-mail to Attorney Melly.

8.    Attorney Melly did not respond to my January 8, 2004 e-mail to him.

9.    To date, Prudential has not been served with a Fed. R. Civ. P. 30(b)(6) notice or with a motion to compel. I have not received any written communication from Attorney Melly outlining additional alleged deficiencies in Prudential's discovery responses.

declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed at Newark, New Jersey on January 21, 2004.


Mary Elizabeth Deno
Mary Elizabeth Deno

3

Exhibit A

## Deno, Mary Elizabeth

| | |
|---|---|
| **From:** | Deno, Mary Elizabeth |
| **Sent:** | Tuesday, December 30, 2003 3:34 PM |
| **To:** | 'Mjmelly@aol.com' |
| **Cc:** | Cerasia II, Edward |
| **Subject:** | RE: Dashiel v. Prudential |

Mike,

Further to the voice-message I left for you today, we are available to depose Ms. Dashiel on either Wednesday, January 7th or Tuesday, January 13th. If we depose Ms. Dashiel on January 7th, we can produce Rosemary Moreno for deposition on either January 13th or January 14th. If we depose Ms. Dashiel on January 13th, we can produce Ms. Moreno for deposition on January 14th.

Please let us know at your first convenience which dates work for you

Thank you,
Mary


*Mary Elizabeth Deno, Esq.*
*Proskauer Rose LLP*
*One Newark Center, 18th Floor*
*Newark, New Jersey 07102*
*973.274.3213*

> -----Original Message-----
> **From:** Mjmelly@aol.com [mailto:Mjmelly@aol.com]
> **Sent:** Monday, December 29, 2003 4:18 PM
> **To:** Cerasia II, Edward
> **Cc:** Deno, Mary Elizabeth
> **Subject:** Dashiel v. Prudential
>
> Ed/Mary
>     I havn't heard from you. Can we do the Dashiel deposition during the week of January 12, 2003, or at least later in the week of teh 6th. Would it ease your mind if we sought a joint enlargement of the discovery period.
>
> Mike

**Deno, Mary Elizabeth**

| | |
|---|---|
| **From:** | Mjmelly@aol.com |
| **Sent:** | Wednesday, December 31, 2003 6:54 PM |
| **To:** | Deno, Mary Elizabeth |
| **Subject:** | Dashiel |

Mary
The 13th and 14th are better dates for me. I'll confirm with my client but
I think its O.K. with her as she is not working right now. Let's touch base
on the 2nd.

Mike

1

Exhibi B

## Deno, Mary Elizabeth

**From:** Mjmelly@aol.com
**Sent:** Wednesday, December 31, 2003 6:56 PM
**To:** Deno, Mary Elizabeth
**Subject:** Dashiel

Mary,
What is your position on a discovery extension. Discovery expires next
week. I am filing for 60 days.  Can we do it jointly.

Mike

Exhibit C

**Deno, Mary Elizabeth**

| | |
|---|---|
| **From:** | Deno, Mary Elizabeth |
| **Sent:** | Tuesday, January 06, 2004 5:53 PM |
| **To:** | Melly, Michael J. (mjmelly@aol.com) |
| **Cc:** | Cerasia II, Edward; Orleans, Jonathan (jorleans@znclaw.com) |
| **Subject:** | Dashiel Depositions |

Mike,

Further to the voice-messages I left for you yesterday morning and today, I am writing to confirm Ms. Dashiel's deposition at 9:30 a.m. on Tuesday, January 13, 2004, at the law offices of Zeldes, Needle and Cooper, 1000 Lafayette Boulevard, Bridgeport, Connecticut.  Please bring the cassette tape identified in plaintiff's response to Request No. 1 of Prudential's First Request For Documents to Ms. Dashiel's deposition on the 13th.

I am also writing to confirm Rosemary Moreno's deposition scheduled for Wednesday, January 14, 2004.  We believe Ms. Moreno will be able to testify as to the relocation of PRERS.  As I mentioned in the voice-messages, Ms. Moreno will need to present a subpoena to her current employer so that she can be available for this deposition.  We will accept service on her behalf and therefore ask that you overnight the subpoena for Ms Moreno's deposition to us.  In addition, please let us know as soon as possible the time and location of Ms. Moreno's deposition.

Finally, with respect to your request for a 60-day extension of discovery, we want to know the purpose of your request, since it now appears that we will be able to complete the outstanding depositions by the current cut-off date.

Please call me or Ed at your first convenience to discuss these matters.

Thank you for your cooperation.

Mary

*Mary Elizabeth Deno, Esq.*
*Proskauer Rose LLP*
*One Newark Center, 18th Floor*
*Newark, New Jersey 07102*
*973.274.3213*

Exhibit D

**Deno, Mary Elizabeth**

| | |
|---|---|
| **From:** | Deno, Mary Elizabeth |
| **Sent:** | Thursday, January 08, 2004 5:21 PM |
| **To:** | 'mjmelly@aol.com' |
| **Cc:** | Cerasia II, Edward; 'jorleans@znclaw.com' |
| **Subject:** | Dashiel |

Mike,

Further to your request during our telephone conversation today, we are rescheduling Paula Dashiel's deposition at 9:30 a.m. on Wednesday, January 14th, even though we were going to make Rosemary Moreno available for deposition that day.  As I requested in my January 6th email, please bring the cassette tape responsive to Request No. 1 of Prudential's First Request For Documents to Ms. Dashiel's deposition.

As you indicated, I should expect to receive a Rule 30(b)(6) notice and a list of documents/information you still want Prudential to produce on Monday, January 12th, so that we can quickly resolve any discovery issues and move forward with this case.

Finally, please let us know on Monday what additional discovery you plan to take or request so that we can assess how much time, if any, is necessary for an extension of discovery.

Thanks
Mary


-------------------------
Sent from my BlackBerry Wireless Handheld