UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAULA DASHIEL | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV01231 (CFD) |
| v. | : | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | : | February 2, 2004 |
| Defendant | : | |

**PLAINTIFF'S MEMORANDUM [NUNC PRO TUNC] IN OPPOSITION TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR MODIFICATION OF SCHEDULING ORDER**

The plaintiff, Paula Dashiel, files this memorandum in opposition to defendant's opposition to plaintiff's motion for enlargement of time for modification of scheduling order filed on or about January 13, 2004.

### I.   Procedural Background

The plaintiff filed claims for discrimination based on race, contract, promissory estoppel and negligent misrepresentation arising out of her termination from employment at the defendant, Prudential Insurance Company of America. The parties have conducted substantial discovery, however, disputes have arisen over defendant's objections to plaintiff's interrogatories dated April 1, 2003 and requests for production dated May 21, 2003.

### II.   Discussion

#### A.   Discovery Issues Pertaining To Plaintiff's Discovey Requests Have Caused Delay

Plaintiff received minimal information and substantial objections to

interrogatories on June 23, 2003. Rather than answering the interrogatories, defendant referred plaintiff to documents which were not produced. This did not make sense as defendant was, at the same time, requesting further extensions within which to produce documents.[1] At this time, for the first time, after plaintiff had agreed to numerous extensions and so patiently awaited compliance, defendant stated that it desired a stipulation of confidentiality to be executed prior to releasing any documents. Exhibit 3.

Despite reservations as to defendant's tactics and the efficacy of such late notice of defendant's desire for a stipulation, plaintiff executed the stipulation. This caused further unexpected delay, as Attorney Melly was on trial in July 2003 and was not able to review and execute the stipulation as soon as it was received.[2] When, after execution of the confidentiality stipulation, discovery was yet to be forthcoming, plaintiff's counsel [Melly] wrote defendant's counsel [Deno] on September 25, 2003, at which time she promised that compliance would be soon forthcoming.[3] Exhibit 1. Defendant's initial production disclosures were received on or about October 2, 2003.

### B. Background of Plaintiff's Request For Enlargement of Scheduling Order

Plaintiff, believing that defendant's responses and objections were inappropriate and inadequate, placed an initial telephone call to Attorney Deno on October 10, 2003, expressing his displeasure and disbelief over the responses.[4] Attorney Melly and Deno

---

[1] Defendant had requested an extension of time to July 15, 2003 and would soon request another extension to July 29, 2003.
[2] See note 4.
[3] Attorney Melly left his former office on September 4, 2003 and was unaware if compliance had been made.
[4] Counsel's displeasure was exacerbated by the fact that Attorney Deno had requested many extensions within which to comply for the alleged reason that the information and materials were difficult to locate do to the relocation of the Shelton facility. The responses [in counsel's opinion] could not have been items which were difficult to locate.

further discussed said responses and objections in detail on October 13, 2003,[5] wherein Attorney Deno agreed to speak to the defendant in an attempt to obtain further compliance. Attorney Deno made it clear, however, that no promises or guarantees were being made.

Subsequently, on November 3, 2003 and November 17, 2003 defendant served further information and materials in response to plaintiff's initial discovery requests. Counsel for the plaintiff spent considerable time reviewing the materials received by the defendant in discovery. This task was made exceptionally difficult, as the defendant did not answer interrogatories, but referred plaintiff to pages of documents. Further, defendant produced voluminous pages of documents without signifying the specific request in which said documents responded. Plaintiff reasonably believes that defendant has failed to provide adequate discovery responses and asserted improper objections, therefore, has drafted a motion to compel, which is nearly in final form.[6]

Plaintiff, through counsel, Michael J. Melly, communicated with the defendant regarding an extension of the scheduling order so that additional discovery may be conducted. Counsel [Melly] initially communicated by email on December 24, 29, 31, 2003 and January 2, 2003 regarding this request and again by telephone message left in early January 2004 with Attorney Edward Cerasia. Exhibit 2. On January 8, 2004 Attorney Melly called Attorney Deno. Attorney Melly requested that the plaintiff's deposition be taken on January 14th rather than the previously scheduled date [January

---

[5] Attorney Melly was preparing for trial and on trial in Nayyar v. Scandinavian Marine Insurance Claims No. 3:01 CV 00862(GLG) during the latter part of June 2003 and through July 17, 2003. On September 4, 2003 Attorney Melly left employment at his prior firm, The Employment Law group LLC. The plaintiff subsequently retained Attorney Melly as the sole attorney representing her in this matter. Attorney Melly did not receive the plaintiff's file from the plaintiff, until the first week of October 2003.

[6] These circumstances have made it difficult and caused delay in drafting and filing a motion to compel.

13, 2003]. Attorney Melly further stated that it was plaintiff's intention to conduct a Rule 30 (b)(6) deposition rather than the individual deposition of Rosemary Moreno, which had been scheduled for January 14, 2004. Attorney Deno agreed to this plan and Attorney Melly stated that he would to prepare a Rule 30(b)(6) deposition notice, which was served on January 24, 2004. During this conversation [1/8/04], Attorney Melly *again* sought the defendant's position relative to an enlargement of the scheduling order. When asked by Attorney Deno the purpose of the extension, Attorney Melly responded that the plaintiff is yet seeking substantial discovery which defendant had objected to and a motion to compel was being prepared. Attorney Melly further stated the need to schedule a Rule 30(b)(6) deposition. Attorney Deno stated that she agreed that an extension was needed, however, she would confer with her client regarding the length. Defendant failed to state any further position regarding an enlargement of the scheduling order, therefore plaintiff filed an enlargement on or about January 13, 2004, wherein plaintiff stated defendant's position relative to the requested enlargement.

Defendant's opposition to an enlargement of the scheduling order, suggests that it is unaware of any reason for an enlargement. This does not make sense, as counsel is [and has been] well aware of the parties' disagreement over defendant's compliance and plaintiff's intent to file a motion to compel. Counsel is further aware of plaintiff's desire to conduct a Rule 30(b)(6) deposition.[7] By its dilatory response regarding plaintiff's request for its position regarding a joint enlargement and its objection to an enlargement of the scheduling order, the defendant has clearly shown its obstructionist tactics regarding discovery.

---

[7] These things were discussed on January 8, 2004, see discussion supra.

## Conclusion

Additional time is required in order to conduct a Rule 30(b)(6) deposition and further, to fully complete the discovery that has been accomplished thus far and address the discovery issues which have already been raised and shall be further raised in the forthcoming motion to compel.[8]

 

Plaintiff,
Paula Dashiel

By _____
Michael J. Melly
Fed. Bar. No. ct17841
143 Oneco Avenue # 4
New London, CT 06320
Tel. (860) 447-1990

---

[8] On January 28, 2004 defendant filed additional objections and responses to discovery, requiring review by the plaintiff. Plaintiff has not yet reviewed theses responses.

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on  2/3/04

To
    Mary Deno
    Edward Cerasia
    Proskauer Rose
    One Newark Center 18th Fl.
    Newark, NJ 07102


    Jonathan Orleans
    Zeldes, Needles & Cooper
    1000 Lafayette Blvd.
    Bridgeport, CT 06601

                                                      _____
                                                      Michael J. Melly, Esq.

| | |
|---|---|
| Subj: | **Re: Dashiel v. Prudential** |
| Date: | 9/25/03 11:16:43 AM Pacific Daylight Time |
| From: | Mjmelly |
| To: | MDeno@proskauer.com |
| File: | **lttr to Deno re new adress and discovery.doc** (25088 bytes) DL Time (49333 bps): < 1 minute |

M

Attached is copy of correspondence that went out yesterday. You would have had it today except that your office is located out of state. When do you intend to send the diswcovery that I have been waiting for for nearly six months. I intend to get notices out next week. Provide me dates for your availability.
Thanks
M

Exhibit 1

| | |
|---|---|
| Subj: | **Dashiel** |
| Date: | 12/24/03 10:31:18 AM Pacific Standard Time |
| From: | Mjmelly |
| To: | ECerasia@proskauer.com |

Ed;

    Something heard has come up on January 6th. Can we reschedule for the following week. I have not heard from you on dates for me deposing your people. Can we agree that we'll probably need a discovery extension. If so we can do a joint motion for enlargement.

M. Melly

Wednesday, December 24, 2003    America Online: Mjmelly



Exhibit 2

| | |
|---|---|
| Subj: | **Dashiel v. Prudential** |
| Date: | 12/29/03 1:18:28 PM Pacific Standard Time |
| From: | Mjmelly |
| To: | ECerasia@proskauer.com |
| CC: | MDeno@proskauer.com |

Ed/Mary

    I havn't heard from you. Can we do the Dashiel deposition during the week of January 12, 2003, or at least later in the week of teh 6th. Would it ease your mind if we sought a joint enlargement of the discovery period.

Mike

**Deno, Mary Elizabeth**

From: Mjmelly@aol.com
Sent: Wednesday, December 31, 2003 6:56 PM
To: Deno, Mary Elizabeth
Subject: Dashiel

Mary,
What is your position on a discovery extension. Discovery expires next week. I am filing for 60 days.  Can we do it jointly.

Mike

1

| | |
|---|---|
| Subj: | **depos** |
| Date: | 1/2/04 11:41:07 AM Pacific Standard Time |
| From: | Mjmelly |
| To: | MDeno@proskauer.com |

Mary
Does Rosemary Moreno know much about the Prudential move.  Let me know.  I may do a 30(b)6 notice.

Mike Melly

## PROSKAUER ROSE LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Marvin M. Goldstein, Managing Resident Partner

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

NEW YORK
LOS ANGELES
WASHINGTON
BOCA RATON
PARIS

**Mary Elizabeth Deno**
Attorney at Law

Direct Dial 973.274.3213
mdeno@proskauer.com

June 23, 2003

**BY REGULAR MAIL**

Michael J. Melly, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

Re:   Dashiel v. Prudential Insurance Company of America
      Civil Action No. 3:02-CV-01231 (CFD)

Dear Mike:

Enclosed please find Prudential's Responses And Objections To Plaintiff's First Request For Interrogatories. Further to our telephone conversation today, Prudential's Responses and Objections identify documents it intends to produce with corresponding Bates stamp numbers in anticipation of the parties entering into a stipulation and order governing the treatment of confidential material. As we discussed, Prudential is withholding production of those documents until the parties reach an agreement with respect to the confidential treatment of documents exchanged in this case.

Please call me at your first convenience to discuss the draft Stipulation And Order Governing The Treatment Of Confidential Material, which I e-mailed to you last Thursday, June 19, 2003. If this Stipulation and Order meets with your approval, please let me know and I will get you the original Stipulation for signature.

Thank you for your cooperation.

Very truly yours,

*Mary Elizabeth Deno*

Mary Elizabeth Deno

cc:   Edward Cerasia II, Esq.
      Jonathan B. Orleans, Esq. (via regular mail)

6149/57733-011 NJWORD/57948 v1

Exhibit 3