UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAULA DASHIEL | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV01231 (CFD) |
| v. | : | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | : | FEBRUARY 13, 2004 |
| Defendant | : | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, Paula Dashiel, files, pursuant to F.R.C.P. 37 and local rules this memorandum of law in support of her Motion to Compel Discovery.

## I. PROCEDURAL POSTURE

Plaintiff, Paula Dashiel's, employment with the defendant was terminated on October 31, 2001 as a result of the relocation of the relocation of prudential Relocation and real estate her division from Shelton, Connecticut to Valhalla, New York. Plaintiff, believing that she was wrongfully terminated, commenced this action for claims arising under Title VII [race and nationality], contract, promissory estoppel and negligent misrpresentation. The discovery period was enlarged to March 14, 2004.

The plaintiff served a request for interrogatories on the defendant on April 1, 2003 and production requests on May 21, 2003. Exhibits 3 & 4. Defendant sought numerous enlargements of time within which to respond to said requests. Plaintiff patiently waited for defendant's responses and expected a great deal more than was provided, considering the lengthy extensions which were afforded the defendant. On

1

June 23, 2003, after much delay, defendant requested, for the first time, that a confidentiality stipulation be signed prior to serving responses.[1] This caused further unexpected delay as the stipulation was not signed until early August because Attorney Melly was on trial in U.S. District Court.[2] Defendant served objections and responses on June 23, 2003. Exhibit 5. Defendant objected to ***every*** interrogatory and production request of the plaintiff. Rather than answer the majority of the interrogatories, defendant referred to documents which were not produced. This did not make sense as defendant was, at the same time, requesting further extensions within which to produce documents. Plaintiff, through counsel [Melly] made good faith attempts to resolve the defenadnt's objections and non-compliance. See certification attached. Attorney Melly telephoned and wrote Attorney Deno on September 25, 2003 wondering whether the discovery compliance had been served.[3] Exhibit 1. The responses to production responses were finally served on October 2, 2003. Subsequently, on November 3, 2003 and November 17, 2003 defendant served further information and materials in response to plaintiffs initial discovery requests.

When, after execution of the confidentiality stipulation, discovery was yet unforthcoming, plaintiff's counsel [Melly] wrote defendant's counsel [Deno], at which time it was promised that compliance was in fact forthcoming. Production was received on or about October 2, 2003. Upon review, it was so lacking that Attorney Melly again called Attorney Deno on October 10, 2003 to discuss his frustration with the

---

[1] On June 19, 2003, four days before the repsonses were due, defendant requested that a confidentiality stipulation be signed prior to providing discovery responses.

[2] Trial in *Pradeep Nayyar v. Scandinavian Marine Insurance Company* from July 3, 2003 through July 17, 2003.

[3] Attorney Melly left his former office, The Employment Law Group on September 4, 2003 and was unaware of the specific state of discovery as the file remained with that office until approximately October 1, 2003. Attorney Melly did not have possession of the file until approximately October 6, 2003.

lack of good faith compliance. It was agreed that they would speak after Attorney Melly further reviewed defendant's objections. Attorney Melly called and spoke to Attorney Deno on October 13, 2003, regarding defendant's objections, wherein Attorney Deno agreed to speak to the defendant in an attempt to obtain further compliance. Attorney Deno made it clear that <u>*no promises or guarantees*</u> were being made, however, she promised to look into certain information and items. Defendant, through counsel [Deno] promised to look further into information and items relative to the following requests: <u>Interrogatory nos. 5, 7, 9, 20, 21, 24, 26, 27, & 28</u>; <u>Production requests 5, 7, 8, 23, 24, 25, 27, 28, 29, 30, 31, 33, 34, 35, & 36</u>; To date, accept for the limited information and items produced,[4] the plaintiff has not received any further response from the defendant regarding this promise to look into these interrogatory and production requests.

On January 9, 2004 counsel [Melly], discussed with attorney Deno the plaintiff's discovery and on January 14, 2004 counsel [Melly] spoke with Attorneys Cerasia and Deno. On January 19, 2004 Attorney Melly wrote Attorneys Cerasia and Deno in a further attempt to resolve some of the outstanding discovery issues. Exhibit 2.

Counsel for the plaintiff spent considerable time reviewing the materials received by the defendant in discovery. This task was made exceptionally difficult, as the defendant did not answer interrogatories, but referred plaintiff to pages of documents. Further, defendant produced voluminous pages of documents without signifying the specific request in which said documents responded. Plaintiff reasonably believes that defendant has failed to provide adequate discovery responses and asserted improper objections.

---

[4] See Exhibit 6;

## II. General Nature of Discovery Requested By Plaintiff and Produced By Defendant

The discovery [production] compliance served by the defendant included: Employee list- Shelton Connecticut, Relocation policy, Employee handbook & HR policies, Plaintiff's employee file, Plaintiff's performance reviews, Proposed separation agreement, Correspondence re: relocation, Plaintiff employee profile, Job descriptions- Int. service coordinator & Int. transportation counselor, Relocation information, Employee information-Joan Schel, Performance review guidelines, Firebird information; re: relocation. See, Exhibit 6 [list of items produced].

The vast majority of the items and documents requested by the plaintiff were not produced and all of the interrogatories were objected to. The plaintiff's interrogatories and production requested information and items such as the name and address of the person responding, job descriptions, positions and salaries for other employees and positions within the defendant company, oral or written statements, names of persons assuming the plaintiff's tasks after plaintiff's termination, training materials, investigations or inquiries of the plaintiff, names of persons spoken to who may be potential witnesses with information, discrimination complaints and/or orders against the defendant, value and cost of plaintiff's stock, retirement, health insurance and other benefit plans as of the date of her termination, names of persons transferred, promoted or terminated to or from positions in Shelton, Connecticut; Valhalla, New York and Phoenix Arizona *and other locations* of Prudential where similar duties are performed, surveys provided to governmental agencies regarding lay-offs and race, documents regarding the relocation of the Shelton, Connecticut facility and other facilities where similar duties were performed and transfer of the employees at

4

the facility, resumes of all employees of the position of international services coordinator and international transportation counselor. Defendant failed to provide information or documentation regarding the foregoing subjects topics and requests. The sole information provided regarding employees was a ten page document listing information regarding *some, but not all,* of the employees from the Shelton Conneciticut facility of Prudential. Nothing was provided regarding other facilities where similar duties as Plaintiff's were performed or similar duties as were performed at the plaintiff's facility. Plaintiff requested much more than was provided.[5]

It is the obligation of a requested party to provide discovery that is relevant to the case. Fed. R. Civ. P. 26(b)(1). Plaintiff contends that there is substantial relevant information and items/documents being withheld by the defendant. Defendants objections are improper. Every request was objected to as being vague, overly broad, unduly burdensome and seeking irrelevant information not calculated to lead to admissible evidence and assuming facts not admitted or established. The defendant has not fulfilled its burden of describing how each request is burdensome. Davidson v. Goord, 215 F.R.D. 73, 77 (W.D.N.Y. 2003). The interrogatory responses which merely refer to a package of documents in improper, as interrogatory responses must be in a form suitable for trial. See, Davidson v. Goord, 215 F.R.D. at 77 (interrogatory responses referring to allegations in the complaint were held improper). Interrogatory responses must be under oath. Fed. R. Civ. P. 33 (b)(1)(2). Information and items are reasonably calculated to lead to admissible evidence if there is "any possibility that the information sought may be relevant to the subject matter of the litigation." Davidson, supra. 72;

---

[5] Bates 1-10 contains the names of individuals, position, date of hire, termination race and location. Exhibit 6.

Omega Eng'g Inc. v. Omega, SA., 2001 WL 173765; 2001 U.S. Dist. LEXIS 2010, at 2 (D. Conn. Feb. 6, 2001). "a party may discover information which is not admissible at trial if such information will have some probable effect on the organization and presentment of the moving party's case. Smith v. Schlesinger, 513 F.2d 462, 473 n. 37 (D.C. Cir 1975).

Defendant claims [among other things] that plaintiff is only allowed discovery of information of similarly situated individuals. Defendant provided the names of individuals from the Shelton, CT office, claiming that these are the only similarly situated individuals as the plaintiff. This is problematic, as the Defendant has made an arbitrary and incorrect conclusion as to which individuals are similarly situated. This unfairly restricts plaintiff in the pursuit of information and documentation that may lead to admissible evidence. There are many other employees at a number of facilities that performed similar duties as the plaintiff at the defendant company. Plaintiff has requested information regarding those who performed similar duties prior to and after plaintiff's termination. The defendant has chosen to provide only some information regarding some Shelton employees. The plaintiff may, through adequate discovery learn much about employees who may have been affected by the relocation of the Relocation and Real Estate Services division or employees performing similar duties were affected. The plaintiff is deprived of this opportunity by the restrictive manner in which the defendant has complied with discovery. Defendant effectively requires plaintiff to prove who may be similarly situated without discovery of information that actually answers the question. This obliterates the 'relevant information' aspect of rule 26 (b)(1). Information which may aid or allow a comparison of similarly situated persons is discoverable as

6

being reasonably calculated to lead to admissible evidence. The standard is not whether a person is identical, as defendant suggests, but whether information may yield information regarding the contract issues involving relocation as well as dissimilar treatment of the plaintiff.

It is well established that discovery affords counsel broad latitude in attempting to obtain relevant, probative, and material evidence. As evidence of the underlying federal scheme to encourage broad discovery, F.R.C.P. 26(a)(1)(B) provides that Parties, as part of their required initial disclosure, must provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

"The discovery rules are designed to facilitate trial proceedings and to make a 'trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Caccavale v. Hospital of St. Raphael, 14 Conn. App. 504, 507, 541 A.2d 893, cert. denied, 208 Conn. 812, 545 A.2d 1107 (1988); quoting, United States v. Proctor & Gamble, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L.Ed. 2d 1077 (1958). The defendant, by objecting to *every* interrogatory and production request, has clearly obfuscated the fair disclosure of information and obstructed discovery.

### III. Specific Requests Which Are Unresolved

### Interrogatory No. 1:

State the name, address, position, department and facility within the company of each and every person by name and title who assisted in preparing the answers to these interrogatories.

Defendant refuses to provide this information on the grounds that it is burdensome and not calculated to lead to admissible evidence. Plaintiff has every right to question those individuals providing this information. Plaintiff may decide to depose or call such person as a witness at trial. Credibility is important and plaintiff may further pursue the source of information provided for credibility as well. Neither have defendant's supplemental responses been verified as required.

### Interrogatory No. 5

State the name, age, race, nationality, salary, department within the company and current job title of all person(s) assuming part or all of the tasks, duties and responsibilities that the plaintiff performed at the time of her termination/separation from the defendant company; and, for each such person state:

    a. The dates that each such person assumed such tasks, duties and responsibilities;
    b. The facility at which each such person referred to in subparagraph a performed said duties;
    c. Provide the same information requested in subparagraphs a & b for the period 1999 through the present;

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established. Without waiving said objection defendant responded, "plaintiff's job of international services coordinator in the Shelton, Connecticut office

was eliminated." See

       This is a standard interrogatory in an employment discharge case. The information sought is directly related to the plaintiff's claims of discrimination connected with her being terminated while others were retained. The information sought goes to the heart of the plaintiff's claims, both discrimination and contract. The facts and information sought may lead to admissible evidence regarding the difference in treatment of the plaintiff. Further, information surrounding the treatment of other employees regarding contract issues and promises relative to relocation may lead to admissible evidence. Defendant's response [that the position was eliminated] is unresponsive to the interrogatory, which seeks information related to the assumption of plaintiff's tasks, duties and responsibilities. During discussion, counsel for the defendant stated that she would have the defendant look for items responsive to this request. Plaintiff does not know whether this has been accomplished and has not received any information.

### Interrogatory No. 6

State whether the plaintiff received retirement, pension or 401k benefits from the defendant, while she was employed by the defendant; if so state,

    a. The value as of the date of plaintiff's termination/separation from the defendant[October 31, 2003] of the plaintiff's retirement, pension and 401k.

    b. The contribution made for each pay period, month and year.

       The requested information goes to damages incurred by the plaintiff. Defendant objected to this and referred plaintiff to an 800 number. The 800 number did not provide the information requested in this interrogatory.

**Interrogatory No. No 8:**

As to any investigation or inquiry conducted by the defendant, its agent, servant, employee, contractor, including investigation regarding plaintiff's claims and defendant's defenses and claims in this matter, state:

a. The date, nature and purpose of any such investigation or inquiry;
b. Whether any record, report or writing was made of the investigation or inquiry and the date of such;
c. The name address and telephone number of the persons agency, company or organization conducting the investigation or inquiry;
d. A description of the subject matter results and findings of any such investigation;
e. The name address and telephone number of any person agency company or organization spoken to and provide statements and information relative to the aforementioned investigation/inquiry;

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established, and is covered by the attorney/client priviledgeDefendant's objection presumes that attorneys conducted investigation. It is incomprehendible that no other person(s) in the company investigated or inquired.

Attorney investigations are not always privileged. An employer may not prevent discovery of attorney investigations based work product or attorney-client privileges. Susan Pray, Barbara Baird and Liane Marston v. The New York City Ballet Company, 96 Civ. 5723; 1997 U.S. Dist Lexis 6995; (May 19, 1997); see also, Harding v. Dana Transport 914 F.Supp. 1084, 1094 (D.N.J. 1996); Walsh v. Westminister Bankcorp, Inc., 921 F.Supp. 168, 172-73 (S.D.N.Y. 1995). Attorneys who conduct investigations for employers are subject to deposition. Id.

10

### Interrogatory No. 9

State the name, age, date of birth, race, nationality, current job title, salary, department, unit and facility all employees performing similar duties and/or responsibilities as the plaintiff at Prudential Real Estate and Relocation Services who were transferred to another position, promoted, demoted, laid-off, fired or otherwise terminated or retired, and state the reasons therefore and corresponding dates, for the period 1999 through 2002.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established. Without waiving said objection defendant responded, that Joan Schell was an international services coordinator and declined an offer to transfer to Valhalla as an international transportation counselor. The information sought is directly related to the plaintiff's claims of discrimination connected with her not being relocated and others being relocated. The information sought is directly related to the plaintiff's claims of discrimination connected with her being terminated while others were retained. The information sought goes to the heart of the plaintiff's claims, both discrimination and contract. The facts and information sought may lead to admissible evidence regarding the difference in treatment of the plaintiff. Further, information surrounding the treatment of other employees regarding contract issues and promises relative to relocation may lead to admissible evidence. The lack of information sought goes to the heart of the case. Defendant's response regarding Ms. Joan Schell is unresponsive to the interrogatory, which seeks information related to *all* employees who were performing similar duties as the plaintiff. The defendant's response is further misleading, as it implies that Ms. Schell was the only employee performing similar duties as the plaintiff. There were many employees performing similar tasks as the plaintiff in a number of facilities throughout the country. Many of these employees

11

were transferred, laid off or other disposition. Plaintiff has requested this information and defendant's response is misleading and incomplete.

Defendant claims [among other things] that plaintiff is only allowed discovery of information of similarly situated individuals. Defendant provided the names of individuals from the Shelton, CT office, claiming that these are the only similarly situated individuals as the plaintiff. This is problematic, as the Defendant has made an arbitrary and incorrect conclusion as to which individuals are similarly situated. This unfairly restricts plaintiff in the pursuit of information and documentation that may lead to admissible evidence. There are many other employees at a number of facilities that performed similar duties as the plaintiff at the defendant company. Plaintiff has requested information regarding those who performed similar duties prior to and after plaintiff's termination. The defendant has chosen to provide only some information regarding some Shelton employees. The plaintiff may, through adequate discovery learn much about employees who may have been affected by the relocation of the Relocation and Real Estate Services division or employees performing similar duties were affected. The plaintiff is deprived of this opportunity by the restrictive manner in which the defendant has complied with discovery. Defendant effectively requires plaintiff to prove who may be similarly situated without discovery of information that actually answers the question. This obliterates the 'relevant information' aspect of rule 26 (b)(1). Information which may aid or allow a comparison of similarly situated persons is discoverable as being reasonably calculated to lead to admissible evidence. The standard is not whether a person is identical, as defendant suggests, but whether information may yield information regarding the contract issues involving relocation as well as dissimilar

12

treatment of the plaintiff.

### Interrogatory No. 11

For each such report, summary, survey, statistical analysis referred to in interrogatory No. 10, identify the name and location of the person, department or other business unit within the defendant company or outside contractor, business or entity that maintains and possesses said report, summary, survey or analysis.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

Defendant provided a summary in response to interrogatory No. 10. Plaintiff seeks relevant information of individuals and department or other person maintaining said information. Plaintiff needs this information in order to pursue further discovery related to this summary and the types of information contained in the summary.

### Interrogatory No. 12

State the title and date of all employee handbooks, manuals, and publications and modifications thereto published by the defendant for use of employees from 1999 thru the present.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

The defendant did not fully answer interrogatory no. 12 regarding the existence of these materials. Thus, it is difficult to access whether all responsive documents have been produced. However, upon review of the documents produced it, appears that modifications and amendments have not been provided. Although defendant refers

13

plaintiff to two manuals [Prudential HR Policies and PRES Group Move relocation policy bates 11-333] produced in response to requests. Regardless, the defendant is required to answer each interrogatory in an intelligible and coherent manner. There is not any provision in the rules allowing a party responding to interrogatory requests to refer to a multi-page package of documents in response to such request. The plaintiff should not be required to decipher through multiple pages of documents, speculating as to which page, line or word may or may not be responsive to the interrogatory at issue. However, upon review of the documents it is impossible to decipher what portion of the documents responds to that portion of the request regarding modifications or amendments. Plaintiff has a right to inquire into modifications and amendments of company policies, as company policies generally play an important role in employment related litigation.

Further, the defendant did not provide an answer to which portion of the package pertained to supervisory and which portion pertained to non management personnel. There cannot be any doubt that policies espoused in handbooks...may differ between management and non-management personnel. Plaintiff should have an opportunity to know to whom certain handbooks pertain. Plaintiff insists that the defendant answer this interrogatory in accordance with its duty and specify in production to which request any such responsive document applies.

**Interrogatory No. No. 14**

State the names of the persons date filed and title of those individuals making a complaint to the defendant of discrimination based on race or nationality. Include any complaints made to the defendant internally or to the CCHRO, EEOC or other state agency in any and all states that the defendant does business or federal or state court in any state that the defendant does business and state the nature substance and file or docket number of the agency or court complaint.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

The law in this circuit is contrary to the defendant's objection. "it is well settled that an individual disparate treatment plaintiff may use statistical evidence regarding an employers general practices at the pretext stage to help rebut the employer's purported nondiscriminatory explanation." Hollander v. American Cyanamid, 859 F.2d 80, 84 (2d Cir.1990). see also, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05, 36 L.Ed. 2d 668, 93 S.Ct. 1817 (1973); Lieberman v. Gant, 630 F.2d 60, 68-69 (2d Cir. 1980); Logan v. St. Lukes Roosevelt Hosp. Center, 636 F. Supp. 226, 234 (S.D.N.Y.), affd. 805 F.2d 391 (2d Cir. 1986). (Evidence related to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive. Id. at 84; See, National Organization for Woman, Farmington Valley Chapter v. Sperry Rand Corporation, 88 F.R.D. 272 (D.Conn 1980), where the court in a title VII [race & sex] case allowed sex and race complaints of other employees.

Further, this type of information may be admissible as prior bad acts. FRE. 404(a) and 608(b). see, U.S. v. Abel, 469 U.S. 45, 55, 105 S.Ct. 465, 470 (1984). FRE 608 (b) allows a cross examiner to impeach a witness by asking him about specific instances of past conduct, other than crimes covered by Rule 609, which are probative of his veracity or character for truthfulness or untruthfulness.

## Interrogatory No. 15

State the name of the persons, date filed and title of those persons making a complaint, either internally or to a state or federal agency or court within any state that the defendant does business, regarding the following:

a. The relocation of Prudential Real Estate and relocation services;
b. The change of duties of the international services coordinator positions at Prudential Real Estate and relocation services;
c. The transfer or elimination of the international services coordinator position in 2001 and 2002;
d. The hiring for or transfer of the international transportation counselor position;

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

See discussion re: interrogatory # 14

## Interrogatory No. 17

State whether you have obtained a statement from any person concerning the incidents alleged in the plaintiff's complaint or defendant's answer, claims and defenses. If so, please state:

a. Name and address of the person who gave the statement, and said statement was obtained;
b. Whether statement was oral or written;
c. The name and address of person to whom the statement was made;
d. A brief description of the nature and substance of each statement;

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established, and attorney-client privilege and attorney work product. Defendant further responds that no statements have been obtained.

The use of statements are common practice in federal court and are clearly

16

allowed in examining witnesses. See, F.R.C.P. 613. Further, statements are admissible in federal proceedings. See, F.R.C.P. 801. Defendant should not be allowed to hide information, statements and witnesses under the guise of attorney-client privilege or work product. Further, defendant has not provided a privilege log regarding statements claimed to have been privileged.

**Interrogatory No. 18**

State whether the defendant maintains insurance for liability covering discrimination of employees, breach of contract, wrongful discharge/termination or other matter related to the plaintiff's claims and allegations in this matter

If so, please state:

a. The name and address of the insurance carrier
b. The scope, type and purpose of coverage, and
c. The policy limits.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence. Defendants responded by referring the plaintiff to defendant's initial disclosures which stated, "Any insurance policy is available for inspection upon request."

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence to provide this information reveals the obstructionist tactics of the defendant in the Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence is case. There is not fair reason that this information was not provided to the plaintiff.

17

**Interrogatory No. No. 23**

State the name, address, race, nationality, age, dob, title, salary and location of the facility of all employees of the defendant at the Shelton, Connecticut, Vahalla, New York and Phoenix Arizona facilities from 1999 through the present.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

This information is directly related to the plaintiff's claims of discrimination. Plaintiff was terminated at the time of and [supposedly] as a result of the relocation of Prudential from Shelton, Connecticut. Thus, information regarding the move, employees involved or affected by the move and other information that may have been affected by such move is relevant to plaintiff's claims. It cannot be denied that the court may allow the introduction of such information as circumstantial evidence of treatment of the plaintiff. See, discussion at interrogatory No. 9

**Interrogatory No. 20**

State the dates that Prudential Real Estate and relocation Services moved its offices from Shelton location and state:

a. The name of the facility and address(es) to which all or a portion of the facility, department, unit or position(s) of the facility moved.
b. Which portion, department, unit or position moved to the address referred to in subparagraph a.
c. The date(s) that each such position, department, unit or position moved;
d. The names of the persons who were moved in each such move referred to in subparagraphs a-c above;
e. The race and nationality of those persons listed in response to subparagraphs a-d above;

Defendant objects to this request as being irrelevant and not reasonably calculated to lead to admissible evidence. Defendant also referred to bates 1-10. This disclosure is

18

inadequate as it does not nearly comply with the request. This information uis directly related to the plaintiff's claims of discrimination. Plaintiff was terminatied at the time of and [supposedly] as a result of the relocation of Prudential from Shelton, Connecticut. Thus, information regarding the move, employees involved or affected by the move and other information that may have been affected by such move is relevant to plaintiff's claims. It cannot be denied that the court may allow the introduction of such information as circumstantial evidence of treatment of the plaintiff.

See, discussion at interrogatory No. 9

**Interrogatory No. 21.**

For each who relocated from the Shelton facility to another facility, state;

a. The name, address race nationality and date of birth of each employee who relocated to another facility;
b. The name and address of the other facility to which each of the persons referred to in subparagraph a above, moved;
c. The job title, job duties, salary and dates each employee referred to in subparagraph a above held each position at the new [or different] facility;
d. The job title, job duties, salary and dates each employee referred to in subparagraph a above held each position at the Shelton facility;

Defendant objects to this request on the grounds that it is vague, unduly burdensome, irrelevant and not likely to lead to admissible evidence. This information uis directly related to the plaintiff's claims of discrimination. Plaintiff was terminated at the time of and [supposedly] as a result of the relocation of Prudential from Shelton, Connecticut. Thus, information regarding the move, employees involved or affected by the move and other information that may have been affected by such move is relevant to plaintiff's claims. It cannot be denied that the court may allow the introduction of such information

as circumstantial evidence of treatment of the plaintiff.

The defendant refers to bates pages 1-10 of a document response.

See, discussion at interrogatory No. 9

## Interrogatory No. 22

State the name and address, race, nationality, salary, age and date of birth of those employees of the defendant who held the position of International Services Coordinator or International transportation Counselor from 1999 through the present at **_any_** facility of the defendant and, for each person state:

a. The name and address of the facility at which each such employee was/is located.
b. The title of the position each person held;
c. The dates that each person held each such position referred to in subparagraph a-b above;
d. The position and location of the facility of each position to which any person in response to subparagraphs a-c above transferred;

Defendant objects to this request on the grounds that it is vague, unduly burdensome, irrelevant and not likely to lead to admissible evidence. This information is directly related to the plaintiff's claims of discrimination. Plaintiff was terminated at the time of and [supposedly] as a result of the relocation of Prudential from Shelton, Connecticut. Thus, information regarding the move, employees involved or affected by the move and other information that may have been affected by such move is relevant to plaintiff's claims. It cannot be denied that the court may allow the introduction of such information as circumstantial evidence of treatment of the plaintiff.

Defendant listed individuals and their race who were at Valhalla in late 2001. This response does not nearly respond to the interrogatory as it does not provide the dates of employment, nationality, salary, age or dob. The response does not list all those persons

20