who held positions from 1999 through the present.

See, discussion at interrogatory No. 9

### Interrogatory No. 23

State the name, address, race, nationality age dob job title salary and location of the facility of all employees of the Shelton Connecticut, Valhalla NY, and Phoenix Arizona facilities from 1999 through the present;

Defendant objects to this request on the grounds that it is vague, unduly burdensome, irrelevant and not likely to lead to admissible evidence. The information sought is directly related to the plaintiff's claims of discrimination connected with her being terminated while others were relocated, transferred or otherwise voluntarily terminated. The information sought goes to the heart of the plaintiff's claims, both discrimination and contract. The facts and information sought may lead to admissible evidence regarding the difference in treatment of the plaintiff. Further, information surrounding the treatment of other employees regarding contract issues and promises relative to relocation may lead to admissible evidence. Plaintiff was terminated at the time of and [supposedly] as a result of the relocation of Prudential from Shelton, Connecticut. Thus, information regarding the move, employees involved or affected by the move and other information that may have been affected by such move is relevant to plaintiff's claims. It cannot be denied that the court may allow the introduction of such information as circumstantial evidence of treatment of the plaintiff.

Defendant again referred to bates 1-10, listing individuals and their race. This response does not nearly respond to the interrogatory as it does not provide the dates of employment, nationality, salary, age or dob. The response does not list all those persons

21

who held positions from 1999 through the present at other facilities.

See, discussion at interrogatory No. 9

**Interrogatory No. 24**

State the job title and salary range of all positions within the defendant company at Shelton Connecticut, Valhalla NY, and Phoenix Arizona facilities;

Defendant objects to this request on the grounds that it is vague, unduly burdensome, irrelevant and not likely to lead to admissible evidence. This information is directly related to the plaintiff's claims of discrimination. The information sought is directly related to the plaintiff's claims of discrimination connected with her not being relocated and others being relocated. The information sought is directly related to the plaintiff's claims of discrimination connected with her being terminated while others were retained. The information sought goes to the heart of the plaintiff's claims, both discrimination and contract. The facts and information sought may lead to admissible evidence regarding the difference in treatment of the plaintiff. Further, information surrounding the treatment of other employees regarding contract issues and promises relative to relocation may lead to admissible evidence. Plaintiff was terminated at the time of and [supposedly] as a result of the relocation of Prudential from Shelton, Connecticut. Thus, information regarding the move, employees involved or affected by the move and other information that may have been affected by such move is relevant to plaintiff's claims. It cannot be denied that the court may allow the introduction of such information as circumstantial evidence of treatment of the plaintiff.

Defendant again referred to bates 1-10, listing individuals and their race. This response does not nearly respond to the interrogatory as it does not provide the dates of

22

employment, nationality, salary, age or dob. The response does not list all those persons who held positions from 1999 through the present.

### Interrogatory No. 26

State the name, race, department and facility location of all employees of the defendant company for the years 1999 thru 2001;

Defendant objects to this request on the grounds that it is vague, unduly burdensome, irrelevant and not likely to lead to admissible evidence. This information is directly related to the plaintiff's claims of discrimination. The information sought is directly related to the plaintiff's claims of discrimination connected with her not being relocated and others being relocated. The information sought is directly related to the plaintiff's claims of discrimination connected with her being terminated while others were retained. The information sought goes to the heart of the plaintiff's claims, both discrimination and contract. The facts and information sought may lead to admissible evidence regarding the difference in treatment of the plaintiff. Further, information surrounding the treatment of other employees regarding contract issues and promises relative to relocation may lead to admissible evidence. Plaintiff was terminated at the time of and [supposedly] as a result of the relocation of Prudential from Shelton, Connecticut. Thus, information that may have been affected by such move is relevant to plaintiff's claims. It cannot be denied that the court may allow the introduction of such information as circumstantial evidence of treatment of the plaintiff.

Defendant again referred to bates 1-10, listing individuals and their race. This response does not nearly respond to the interrogatory as it does not provide the dates of employment, nationality, The response does not list all those persons who held positions

23

from 1999 through 2001.

*Plaintiff is willing to narrow this request to employees at facilities where any relocation duties similar to those performed by the Real Estate and Relocation Services Department were performed as well as those similar to that which the plaintiff were performed.*

see discussion at interrogatory no. 9

### Production No. 5:

Any and all memos, notes, letters, correspondence, email or other document regarding the assignment and placement, transfer and hire of any employee of the defendant or other person for the tasks, duties and responsibilities, or portion thereof, of the plaintiff's position at the time of her termination/separation from the defendant company;

See discussion re interrogatory Nos. 5 & 9.

### Production No. 7

Any and all manuals, booklets, pamphlets, memos, letters, correspondence, seminar materials or other document relating to training and education of the management and supervisory personnel.

Defendant [through counsel] stated that it would look for these items. Plaintiff is unaware whether these items were produced or not and would like verification.

These are standard items in employment discharge cases of this type.

### Production No. 11

Any and all manuals, booklets, pamphlets, memos, letters, correspondence, email handbook, manual, video or visual recording, computer disc, hard drive or item of storage or other document showing, detailing, outlining and describing any and all jobs, positions and titles and wage salary and salary grades associated therewith, at the defendant company during the time that the plaintiff was employed at the defendant company through the present.

Defendant has not provided this and [through counsel] stated that it would look for items

24

responsive. This is the discovery phase and thus appropriate to inquire as to other positions which the plaintiff may have been qualified.

See discussion at interrogatory Nos. 5 & 9.

### Production No. 13

Any and all memos, letters, notes, correspondence or reports related to investigation or inquiry, including those conducted by attorneys conducted relative to the plaintiff's claims in this matter and names of those entities and persons conducting such investigation/inquiry and in possession of the findings of any such inquiry/investigation.

See discussion at interrogatory No. 8.

### Production No. 14

Any and all written or oral statements or stenographic, mechanical, electrical or other recording or transcription thereof made by any person, including any party to this case concerning this action or its subject matter and,

a. Produce the same regarding any issue, subject and topic of the relocation or transfer of persons and positions within the Prudential Real Estate and Relocation Services from 2000 through the present;
b. Produce the same regarding any issue, subject and topic regarding the relocation of Prudential Real Estate and Relocation Services;

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established, and attorney-client privilege and attorney work product. Defendant further responds that no statements have been obtained.

See discussion at interrogatory No. 17;

### Production No. 16

Any and all complaints, dispositions, settlement agreements or severance agreements, verdicts, awards or orders and any memos, notes and correspondence related thereto concerning employees or former employees who were dissatisfied with or complained about any discrimination (based on race), salary, benefit or bonus for the period that the plaintiff was employed by the defendant and through the present.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established, and attorney-client privilege and attorney work product. Defendant further responds that no complaints [other than the plaintiffs] have been made regarding the defendant's Shelton office. Parties agreed that complaints, awards, orders and dispositions would be provided through June 2002. Although this was responded to with regards to the Shelton office, it was not responded to regarding the other offices at Prudential where relocation services were performed. There were a number of offices throughout the country where relocation services were performed or where individuals performed some of the duties similar to those of the plaintiff.

See discussion at interrogatory No. 14.

**Production No. 23**:

Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other documents detailing the race, salary, wage and bonus of all those employed at the defendant company as well as for employees terminated, resigned or retired or otherwise separated from the defendant company for the period that the plaintiff was employed by the defendant through the present.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

Defendant further responded, "Subject to and without waiving, these objections or the foregoing general objections, Prudential states that it will produce any responsive documents upon the execution of a suitable confidentiality stipulation." Accept for bates 1-10, the defendant has not produced a scintilla of that requested in this request.

See, discussion at interrogatory No. 9

*Plaintiff is willing to narrow this request to employees at facilities where any relocation duties similar to those performed by the Real Estate and Relocation Services Department were performed as well as those similar to that which the plaintiff were performed.*

Defendant's response is suspect as this type of information is routine submitted to the EEOC pursuant to the legal requirements of the Warren Act.

**Production No 24**.

Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other documents detailing the race and address of all employees of the defendant who moved transferred were promoted or demoted from one position to another within the company as a result of the relocation of Prudential Real estate and relocation services through the present.

a.   Any and all documents relating to the title, description salary and any other code or description detailing the position moved , transferred, promoted or demoted to:
b.   Any and all documents relating to the title, description salary and any other code or description detailing the position moved , transferred, promoted from:
c.   The date of any move, transfer or promotion referred to in the substance of this interrogatory or subparts;

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

Defendant further responded, "Subject to and without waiving, these objections or the foregoing general objections, Prudential states that it will produce any responsive

27

documents upon the execution of a suitable confidentiality stipulation." Accept for bates 1-10, the defendant has not produced a scintilla of that requested in this request.

See discussion at interrogatory no. 9

Defendant's response is suspect as this type of information is routine submitted to the EEOC pursuant to the legal requirements of the Warren Act.

**Production No. 25.**

Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other documents detailing the race all employees of the defendant who moved transferred were promoted or demoted from one position to another within the company from 1995 through the present.

a. Any and all documents relating to the title, description, salary and any other description detailing the position moved, transferred, promoted or demoted to within the company:
b. Any and all documents relating to the title, description salary and any other description detailing the position moved, transferred, promoted from within the company:
c. The date of any move, transfer or promotion referred to in the substance of this interrogatory or subparts;

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

Defendant further responded, "Subject to and without waiving, these objections or the foregoing general objections, Prudential states that it will produce any responsive documents upon the execution of a suitable confidentiality stipulation." Accept for bates 1-10, the defendant has not produced a scintilla of that requested in this request.

28

See discussion at interrogatory no. 9

**Production No. 26.**

Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other documents provided to a state federal or governmental agency detailing the race all employees of the defendant who were terminated, laid-off, promoted or demoted and salary increase or decrease at the defendant company for the period the plaintiff was employed at the defendant through the present.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established and attorney-client privilege.

Defendant further responded, "it has not located any responsive documents" This is misleading and incredible response as the law (Warren Act) requires that the defendant file reports with the EEOC.

**Production No. 29**

Any and all memos, letters, correspondence email or other document detailing the job descriptions and salary, salary range, wage and bonus for all positions and jobs at the defendant company from 1995 through the present.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

Defendant further responded, "Subject to and without waiving, these objections or the foregoing general objections, Prudential states that it will produce any responsive documents upon the execution of a suitable confidentiality stipulation." Accept for the job description of the International transportation counselor, the defendant has not produced a scintilla of that requested in this request. Defendant has not made a showing

29

that such information is burdensome. <u>Davidson v. Goord,</u> 215 F.R.D. 73, 77 (W.D.N.Y. 2003). Plaintiff should be afforded an opportunity to review the various job descriptions at the defendant company as part of discovery so that possible comparisons can be made of the employees who worked certain positions before and after the relocation department. Further, skills comparisons could be drawn between the various positions, which may lead to admissible evidence.

**Production No. 34**

Complaints of employees based in Title VII issues, subjects and topics and,

a. memos, email, correspondence or other document responding to complaints referred to above;

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established, and attorney-client privilege and attorney work product.

See discussion at production No. 16 and interrogatory No. 14;

**Production No. 35**

Memos, correspondence, resumes, job applications and documents regarding transfers, and new hires into the positions of International Services Coordinator and International transportation counselor from 2001 through present.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

Defendant further responded, "Subject to and without waiving, these objections or the

foregoing general objections, Prudential states that it will produce any responsive documents upon the execution of a suitable confidentiality stipulation." The defendant has not produced a scintilla of that requested in this request.

The information sought is directly related to the plaintiff's claims of discrimination connected with her being terminated while others were retained. The information sought goes to the heart of the plaintiff's claims, both discrimination and contract as the facts and information sought regarding the experience and skills of other employees may lead to admissible evidence regarding the difference in treatment of the plaintiff. Further, information surrounding the treatment of other employees regarding contract issues and promises relative to relocation may lead to admissible evidence.

See discussion at interrogatory no. 9.

**Production No. 36**

Resumes and job applications of all persons holding the positions of International Services Coordinator and International transportation counselor from 1998 through present.

Defendant objected to this request as being vague, overly broad, unduly burdensome and seeks irrelevant information not calculated to lead to admissible evidence and assumes facts not admitted or established.

Defendant further responded, "Subject to and without waiving, these objections or the foregoing general objections, Prudential states that it will produce any responsive documents upon the execution of a suitable confidentiality stipulation." The defendant has not produced a scintilla of that requested in this request.

See discussion at production No. 34 & Interrogatory No. 9;

31

                                            Plaintiff
                                            Paula Dashiel

By _____
       Michael J. Melly
       Fed. Bar. No. ct17841
       143 Oneco Avenue Suite 4
       New London, CT 06320
       (860) 447-1990

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 2/13/04
To
    Mary Deno
    Edward Cerasia
    Proskauer Rose
    One Newark Center 18th Fl.
    Newark, NJ 07102

    Jonathan Orleans
    Zeldes, Needles & Cooper
    1000 Lafayette Blvd.
    Bridgeport, CT 06601

_____
Michael J. Melly, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAULA DASHIEL | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV01231 (CFD) |
| v. | : | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | : | February 13, 2004 |
| Defendant | : | |

## CERTIFICATION

The undersigned, being duly sworn, deposes and says:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. The plaintiff served a request for interrogatories on the defendant on April 1, 2003 and production requests on May 21, 2003. Exhibits 3 & 4. Defendant sought numerous enlargements of time within which to respond to said requests.

3. Plaintiff patiently waited for defendant's responses and certainly expected a great deal more than was provided. Defendant objected to *all* of the plaintiff's requests.

4. On June 23, 2003, after much delay defendant then asked that a confidentiality stipulation be signed. This caused further delay as the stipulation was not signed until early August because I was on trial in U.S. District Court.[6]

5. I telephoned and wrote Attorney Deno on September 25, 2003 wondering whether the discovery compliance had been served.[7] Exhibit 1   Production responses responses were received on or about October 2, 2003.

---

[6] Trial in *Pradeep Nayyar v. Scandinavian Marine Insurance Company* from July 3, 2003 through July 17, 2003.

6. Upon review, the discovery was so lacking that I called Attorney Deno on October 10, 2003, to discuss his frustration with the lack of good faith compliance. The defendant had objected to <u>*all*</u> of the plaintiff's interrogatories and production.

7. On October 13, 2003 I, again, called and spoke to Attorney Deno, again regarding discovery issues, wherein Attorney Deno agreed to speak to the defendant in an attempt to obtain further compliance regarding many requests.

8. Attorney Deno made it clear that <u>*no promises or guarantees*</u> were being made, however, she promised to look into certain information and items. Defendant, through counsel [Deno] promised to look further into information and items relative to the following requests: <u>Interrogatory nos. 5, 7, 9, 20, 21, 24, 26, 27, & 28</u>; <u>Production requests 5, 7, 8, 23, 24, 25, 27, 28, 29, 30, 31, 33, 34, 35, & 36</u>; To date, accept for the limited information and items produced,[8] the plaintiff has not received any further response from the defendant regarding this promise to look into these interrogatory and production requests. Further, plaintiff has not received any communication regarding the results of defendant's search for information and documents.

9. Subsequently, on November 3, 2003 and November 17, 2003 defendant served further information and materials in response to plaintiffs initial discovery requests.

10. On January 9, 2004 I discussed with attorney Deno the plaintiff's discovery and on January 14, 2004 I spoke with Attorneys Cerasia and Deno in a further attempt to resolve some of the discovery issues.

11. I sent correspondence on January 19, 2004 attempting to address other issues regarding the Defendant's responses and objections to plaintiff's discovery. Exhibit 2.

---

[8] See Exhibit 6;

12. The parties do not agree regarding many of the plaintiff's requests and have been unable to resolve disagreement regarding many outstanding requests.

Dated at New London this 13th day of February 2004.

_____
Michael J. Melly

Subscribed and sworn before me this 13th day of February 2004.

_____
Ricia Miller
NOTARY PUBLIC
My Comm. Exp. 4/30/07