UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------x

PAULA DASHIEL,

            Plaintiff,

          -against-

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

           Defendant.

-----------------------------------------------------x

Case No. 3:02-CV-01231 (CFD)

March 1, 2004

## DECLARATION OF MARY ELIZABETH DENO, ESQ.

MARY ELIZABETH DENO, ESQ. declares under penalty of perjury:

1. I am an associate with the law firm of Proskauer Rose LLP, lead attorneys for defendant The Prudential Life Insurance Company of America ("Prudential") in the above-captioned case. I submit this Declaration, which is based on personal knowledge, in support of Prudential's Fed. R. Civ. P. 26(c) motion for a protective order to narrow the scope of plaintiff Paula Dashiel's Fed. R. Civ. P. 30(b)(6) Deposition Notice ("Notice").

2. I have been involved in the discovery process of this case and have had several communications with Michael Melly, attorney for plaintiff, and his former law office, The Employment Law Group, with respect to coordinating discovery and scheduling depositions in this case.

3. The original discovery cut-off date in this case was November 14, 2003. The Court granted Ms. Dashiel's motion for an extension of discovery, up to and including January 14, 2004. Prudential planned to take Ms. Dashiel's deposition on January 13, 2004 and was

prepared to produce Rosemary Moreno, Prudential's former Director, Human Resources, for deposition on January 14, 2004. Ms. Moreno is the only individual Attorney Melly has asked to depose. However, on January 8, 2004, Attorney Melly cancelled Ms. Moreno's deposition and informed us that he intended to serve a Rule 30(b)(6) Deposition Notice instead. Appended hereto as Exhibit A is a true and correct copy of my January 8, 2004 e-mail to Attorney Melly.

4.  On January 13, 2004 – the day before the then-close of discovery – Ms. Dashiel filed her second motion for a 60-day enlargement of discovery, which Prudential opposed on January 21, 2003. The Court issued an Order, dated February 2, 2003, granting a final extension of discovery in this case, up to and including March 14, 2004.

5.  On January 24, 2004, Ms. Dashiel served Prudential with her Rule 30(b)(6) Notice, which contains a 41-paragraph schedule seeking nationwide, if not worldwide, discovery from Prudential. Appended hereto as Exhibit B is a true and correct copy of that Notice

6.  On January 28, 2004, Edward Cerasia II, Esq., lead counsel for Prudential, sent Attorney Melly a letter outlining Prudential's objections to the Notice in an effort to resolve the discovery issues without resorting to motion practice. Appended to this Declaration as Exhibit C is a true and correct copy of Attorney Cerasia's January 28, 2004 letter to Attorney Melly.

7.  On February 13, 2004, Attorney Cerasia sent Attorney Melly a letter stating that Prudential will agree to produce a witness or witnesses as to limited subjects from Ms. Dashiel's Notice. Appended hereto as Exhibit D is a true and correct copy of Attorney Cerasia's February 13, 2004 letter to Attorney Melly.

8.  On February 11 and 17, 2004, I spoke with Attorney Melly on the telephone in an effort to narrow the scope of the Notice. During the February 17, 2004 telephone conversation, Attorney Melly agreed to limit paragraphs 8, 17, 18 and 19 to the relevant time period suggested

2

by Prudential – *i.e.*, September 1, 1999 through October 31, 2002. For the majority of the remaining paragraphs, however, the parties could not resolve their dispute.

9. Appended to this Declaration as Exhibit E is a true and correct copy of the January 1, 2001 letter from Prudential to Ms. Dashiel offering her an opportunity to transfer to Phoenix, Arizona.

10. Appended to this Declaration as Exhibit F is a true and correct copy of the January 11, 2001 letter from Prudential to Ms. Dashiel rescinding its offer to transfer to the Phoenix, Arizona facility.

11. Appended to this Declaration as Exhibit G is a true and correct copy of an April 16, 2001 e-mail from Ms. Dashiel to Michael Cazalet and Deborah Kershaw, in which she stated that she was "not interested in making a lateral move at this time" with respect to Prudential's "asking [her] to reapply for the (ISC) ITC position."

12. Appended to this Declaration as Exhibit H is a true and correct copy of the August 31, 2001 letter from John O'Connell to Ms. Dashiel, notifying her of her job elimination effective October 31, 2001.

13. Appended to this Declaration as Exhibit I is a true and correct copy of e-mail correspondence dated September 26, 2001 and October 1, 2001, between Ms. Dashiel and Ms. Kershaw concerning the International Transportation Counselor position available in the Vahalla, New York facility.

14. Appended to this Declaration as Exhibit J is a true and correct copy of Ms. Dashiel's charge of race discrimination filed with the Connecticut Commission on Human Rights ("CHRO")

15.   Appended to this Declaration as Exhibit K is a true and correct copy of the CHRO's Merit Assessment dismissing Ms. Dashiel's discrimination claims.

16.   Appended to this Declaration as Exhibit L is a true and correct copy of pages 30 and 31 of Ms. Dashiel's deposition transcript.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed at Newark, New Jersey on March 1, 2004.

_____
Mary Elizabeth Deno