UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
PAULA DASHIEL, :
:
       Plaintiff, : Case No.  3:02-CV-01231 (CFD)
:
    -against- :
:
THE PRUDENTIAL INSURANCE : March 11, 2004
COMPANY OF AMERICA, :
:
       Defendant. :
:
------------------------------------------------------x

## DECLARATION OF MARY ELIZABETH DENO, ESQ.

MARY ELIZABETH DENO, ESQ. declares under penalty of perjury:

    1.    I am an associate with the law firm of Proskauer Rose LLP, lead attorneys for defendant The Prudential Life Insurance Company of America ("Prudential") in the above-referenced case.  I submit this Declaration, which is based on personal knowledge, in opposition to plaintiff Paula Dashiel's Fed. R. Civ. P. 37 motion to compel discovery, dated February 13, 2004.

    2.    I have been involved in the discovery process of this case and have had several communications with Michael Melly, attorney for plaintiff, and his former law office, The Employment Law Group, with respect to coordinating discovery.

    3.    After Ms. Dashiel served her First Request For Interrogatories, her Second Request For Interrogatories and her First Request For Production of Documents, Attorney Melly consented to Prudential's request for extensions because Prudential was having difficulty locating and gathering responsive information and documents in light of the fact that the Shelton

facility, where Ms. Dashiel was employed, closed in 2001, and Ms. Dashiel's working unit no longer exists.

4. Because of the confidential nature of the information and documents Prudential intended to produce in response to Ms. Dashiel's discovery requests, on June 19, 2003, I sent Attorney Melly a draft Stipulation and Order of Confidentiality Governing the Treatment of Confidential Material ("Confidentiality Stipulation") for his review. Attorney Melly did not sign the Confidentiality Stipulation until August 19, 2003, and I did not receive it until August 28, 2003. Appended to this Declaration as Exhibit A is a true and correct copy of my June 19, 2003 e-mail to Attorney Melly.

5. Notwithstanding Attorney Melly's delay in reviewing and signing the Confidentiality Stipulation, Prudential served its written responses to Ms. Dashiel's discovery requests on June 23, 2003 and July 29, 2003 and withheld any responsive documents to each pending execution of the Confidentiality Stipulation. Appended to this Declaration as Exhibits B, C and D is a true and correct copy of the Prudential's June 23 and July 29, 2003 written discovery responses.

6. On September 8, 2003, I spoke to Attorney Melly's former paralegal. During that conversation, she informed me that Attorney Melly was no longer with The Employment Law Group and that Eugene Axelrod, Esq. would handle this case.

7. On September 22, 2003, I spoke with Attorney Axelrod. At that time, he told me that Ms. Dashiel had retained Attorney Melly as her counsel and that Attorney Axelrod would withdraw as counsel, which he eventually did. Attorney Axelrod told me that he had no contact information for Attorney Melly at that time.

8.     On September 23, 2003, I received an e-mail from Attorney Melly advising me that he had been retained as Ms. Dashiel's sole attorney and to forward all correspondence to his attention. I responded that same day asking Attorney Melly for his contact information. Not having heard back from him, on September 25, 2003, I e-mailed Attorney Melly again requesting his new contact information. Appended to this Declaration as Exhibit E is a true and correct copy of the September 23, 2003 e-mail correspondence between me and Attorney Melly and my September 25, 2003 e-mail to Attorney Melly.

9.     On September 25, 2003, I received an e-mail from Attorney Melly providing his contact information and asking when Prudential was going to serve the documents withheld pending execution of the Confidentiality Stipulation. On October 1, 2003, my firm served Prudential's document responses to Attorney Melly by overnight mail, which included a comprehensive list of the 501 employees at Prudential's Shelton facility, Prudential's Employee Handbook and human resource policies, Prudential Real Estate and Relocation Services Relocation Policy and Ms. Dashiel's personnel file. Appended to this Declaration as Exhibit F is a true and correct copy of Attorney Melly's September 25, 2003 e-mail to me and my October 1, 2003 letter to Attorney Melly.

10.     On October 10, 2003, Attorney Melly called me and, for the first time, raised several discovery disputes and challenged Prudential's responses as deficient. I asked Attorney Melly to put his discovery disputes in writing so that Prudential could adequately respond and try to resolve the issues. Attorney Melly refused; he stated that doing so would be a "waste of time" and that "from now on it would be about motion practice." In an effort to resolve the issues and avoid motion practice, we agreed to go over the discovery disputes on the telephone, but were unable to do so at that time because Attorney Melly admitted that he had not yet read

3

Prudential's June and July 2003 written responses. I asked Attorney Melly to review Prudential's responses and then call me or Attorney Cerasia to confer about the discovery disputes. Appended to this Declaration as Exhibit G is a true and correct copy of my October 10, 2003 e-mail to Attorney Melly and an October 11, 2003 e-mail response from Attorney Melly to me.

11. On October 13, 2003, I conferred with Attorney Melly about the alleged deficiencies in Prudential's discovery responses. I told Attorney Melly that Prudential believed that its objections were justified and responses were sufficient, but that I would work with Prudential to obtain additional responsive documents and information, to the extent that they exist.

12. At the end of the October 13, 2003 telephone conversation, Attorney Melly asked to continue Ms. Dashiel's deposition, scheduled for October 15, until Prudential produced supplemental responses. Attorney Melly claimed that a continuance was necessary because, without further discovery production, Ms. Dashiel would be unable to adequately answer questions at her deposition, and thus she would be prejudiced and the parties would waste time and money. I advised Attorney Melly that I did not believe that there was a justifiable basis to continue Ms. Dashiel's deposition because Prudential only sought to examine Ms. Dashiel about her factual allegations in the Amended Complaint and what information she knows or has to support those allegations.

13. On October 14, 2003, Attorney Melly informed me that neither he nor Ms. Dashiel intended to appear for her scheduled deposition and that he would file a motion for a protective order to prevent Prudential from taking Ms. Dashiel's deposition until Prudential produced more documents and information. The Court denied Ms. Dashiel's motion for a

4

protective order on December 3, 2003. Appended to this Declaration as Exhibit H is a true and correct copy of my October 14, 2003 e-mail to Attorney Melly.

14. The original discovery cut-off date in this case was set for November 14, 2003. While her protective order motion was pending, Ms. Dashiel sought an enlargement of discovery from November 14, 2003, up to and including January 14, 2004, which the Court granted on November 20, 2003. Ms. Dashiel's deposition was thereafter taken on January 14, 2004.

15. In an effort to resolve the discovery disputes and prevent unnecessary motion practice, Prudential supplemented its responses to Ms. Dashiel's Second Request For Interrogatories on October 27, 2003. Appended to this Declaration as Exhibit I is a true and correct copy of Prudential's Supplemental Responses and Objections To Plaintiff's Second Request For Interrogatories dated October 27, 2003.

16. Prudential also produced supplemental documents in response to Ms. Dashiel's First Request For Production Of Documents on November 3 and 17, 2003, including additional personnel information concerning Paula Dashiel, job descriptions for the International Services Coordinator ("ISC") and International Transportation Counselor ("ITC"), documents concerning the relocation of PRERS to Phoenix, Arizona, the personnel file of Joan Schell, copies of the filings with the Connecticut Commission on Human Rights ("CHRO"), and Prudential's policies governing the management and evaluation of employee performance. Appended to this Declaration as Exhibit J is a true and correct copy of my letters to Attorney Melly dated November 3 and 17, 2003.

17. On January 14, 2004, the then-close of discovery date, Attorney Melly informed me and Attorney Cerasia that he filed a second motion for a 60-day enlargement of time to conduct discovery, which Prudential opposed on January 21, 2004. On February 2, 2004, the

5

Court issued an Order granting a final extension of discovery, up to and including, March 14, 2004.

18. On January 19, 2004, Attorney Melly sent me and Attorney Cerasia a letter outlining alleged deficiencies in Prudential's discovery responses. Appended to this Declaration as Exhibit K is a true and correct copy of Attorney Melly's letter to me and Attorney Cerasia dated January 19, 2003.

19. In response to Attorney Melly's January 19, 2004 letter, on January 28, 2004, Attorney Cerasia sent Attorney Melly a letter reiterating Prudential's position that Ms. Dashiel is only entitled to discovery concerning similarly-situated employees in her work-unit during the relevant time period of September 1, 1999 through October 1, 2002. In addition, in an effort to avoid unnecessary motion practice, Prudential served Attorney Melly with supplemental responses and objections to Ms. Dashiel's First Request For Production Of Documents. Appended to this Declaration as Exhibit L is a true and correct copy of Attorney Cerasia's letter to Attorney Melly dated January 28, 2004 and Prudential's Supplemental Responses and Objections to Plaintiff's First Request For Production Of Documents dated January 28, 2004.

20. On February 13, 2004 — before receiving Ms. Dashiel's motion to compel — Prudential served Attorney Melly with supplemental document production, including the personnel files of the six individuals who held the ITC position in the Valhalla office as of late 2001. Appended to this Declaration as Exhibit M is a true and correct copy of my letter to Attorney Melly dated February 13, 2004.

21. On February 17, 2004, I received a copy of Ms. Dashiel's motion to compel. To date she continues to seek discovery covering employees who were not similarly-situated to her or who were not in her work unit.

22. Appended to this Declaration as Exhibit N is a true and correct of copy of the January 1, 2001 letter from Prudential to Dashiel offering her an opportunity to transfer to its Phoenix, Arizona facility.

23. Appended to this Declaration as Exhibit O is a true and correct of copy of the January 11, 2001 letter rescinding Dashiel's offer to transfer to the Phoenix facility.

24. Appended to this Declaration as Exhibit P is a true and correct copy of an April 16, 2001 e-mail from Ms. Dashiel to Michael Cazalet and Deborah Kershaw.

25. Appended to this Declaration as Exhibit Q is a true and correct copy of the August 31, 2001 letter from John O'Connell to Ms. Dashiel, notifying her of her job elimination effective October 31, 2001.

26. Appended to this Declaration as Exhibit R is a true and correct of copy of the September 26 and October 1, 2001 e-mail correspondence between Ms. Dashiel and Ms. Kershaw concerning the ITC position in Prudential's Valhalla, New York facility.

27. Appended to this Declaration as Exhibit S is a true and correct copy of Ms. Dashiel's charge of race discrimination filed with the CHRO.

28. Appended to this Declaration as Exhibit T is a true and correct copy of Prudential's Verified Answer and Statement of Position (without attachments) filed with the CHRO in response to Ms. Dashiel's charge of race discrimination.

29. Appended to this Declaration as Exhibit U is a true and correct copy of the CHRO's Merit Assessment dismissing Ms. Dashiel's discrimination claims.

30.     Appended to this Declaration as Exhibit V is a true and correct copy of Prudential's Rule 26(a)(1) Initial Disclosures.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed at Newark, New Jersey on March 11, 2004.

_____
Mary Elizabeth Deno