UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------ x
: 
PAULA DASHIEL, :
:
              Plaintiff, : Case No.: 3:02-CV-01231 (CFD/TPS)
:
              -against- :
:
THE PRUDENTIAL INSURANCE : March 12, 2004
COMPANY OF AMERICA, :
:
              Defendant. :
:
------------------------------------------------------ x

**DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO COMPEL PRODUCTION OF AUDIO-TAPE**

Defendant The Prudential Insurance Company of America ("Prudential") respectfully submits this memorandum of law in support of its Fed. R. Civ. P. 37 motion to compel production of a micro-cassette tape that plaintiff Paula Dashiel ("Dashiel") has identified as being responsive to Prudential's First Request For Production Of Documents ("Production Requests").  Despite numerous attempts by Prudential to obtain a copy of this tape or schedule a time to inspect this tape since July 2003, Dashiel's counsel has failed to permit duplication of the tape or give Prudential's counsel access to it.  Thus, Prudential has no choice but to file this motion to compel production of the audio-tape.

On May 9, 2003, Prudential served Dashiel with its Production Requests . Request No. 1 of its Production Requests states in full as follows:

**Request No. 1**:

Any and all documents concerning your employment with Prudential, including, but not limited to, the following:

(a) any documents concerning your hiring;
(b) any documents concerning your work performance;
(c) any documents concerning your work assignments or job duties;
(d) any documents prepared by you or received by you concerning any employment issues;
(e) any documents reflecting policies, rules, regulations, customs or practices of Prudential;
(f) any documents concerning the termination of your employment with Prudential;
(g) any documents prepared by other current or former employees of Prudential concerning you or your employment at Prudential; and
(h) any diaries, journals, calendars, notebooks, or notes prepared or maintained by you during or subsequent to your employment with Prudential.

(Deno Decl., Ex. A.) In her June 5, 2003 response, Dashiel stated that she "has a micro cassette tape" that can be inspected in Connecticut "upon calling for an appointment." (Id., Ex. B.)

Between July 30, 2003 and March 10, 2004, counsel for Prudential repeatedly tried to obtain from Michael Melly, attorney for Dashiel, and his former law firm, a copy of the micro-cassette tape or dates when Prudential's counsel could listen to it. (See id., ¶ 5 & Ex. C.) To that end, Prudential has repeatedly offered the following three options to Attorney Melly: (1) Prudential will pay the cost for him to duplicate the micro-cassette tape; (2) Prudential will pay for a court reporting agency to go to his office and duplicate the tape; or (3) arrange a mutually convenient time for Prudential's counsel to listen to tape in Connecticut. (Id.) Further, Prudential requested that Attorney Melly bring the tape to Dashiel's deposition on January 14, 2004, but he did not do so. (Id., ¶¶ 5, 7 & Ex. C.) Thus, despite having identified the tape as relevant to this case and responsive to Prudential's discovery requests, Attorney Melly has denied Prudential access to it, leading to this unnecessary and costly motion practice.

Because the micro-cassette tape is relevant and discoverable, Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defenses of any party"), the Court should compel production of the tape.

## **CONCLUSION**

For all of the foregoing reasons, the Court should grant Prudential's motion to compel production of the micro-cassette tape identified by Dashiel as being responsive to Request No. 1 of Prudential's Production Requests; grant to Prudential its costs, including attorneys' fees, in connection with this motion pursuant to Fed. R. Civ. P. 37(a)(4) ─ particularly given all of Prudential's good-faith efforts to obtain or listen to the tape; and grant to Prudential such other and further relief as the Court may deem just and proper.

Dated this 12th day of March 2004, at Newark, New Jersey.

Respectfully submitted,

PROSKAUER ROSE LLP


By_____
   Edward Cerasia II
      Fed. Bar No. ct 13096
      Mary Elizabeth Deno
      Fed. Bar No. ct 24335
One Newark Center, 18th Floor
Newark, New Jersey 07102
973.274.3200
E-mail:  ecerasia@proskauer.com
E-mail:  mdeno@proskauer.com


Attorneys for Defendant
 The Prudential Insurance Company of America

Local Counsel:

Jonathan B. Orleans
 Fed. Bar No. ct 05440
ZELDES, NEEDLE & COOPER
1000 Lafayette Boulevard
Bridgeport, Connecticut 06601
203.333.9441
E-mail:  jorleans@znclaw.com

4