UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
PAULA DASHIEL, :
:
              Plaintiff, : Case No. 3:02-CV-01231 (CFD)
:
     -against- :
:
THE PRUDENTIAL INSURANCE : March 11, 2004
COMPANY OF AMERICA, :
:
             Defendant. :
:
------------------------------------------------------x

## DECLARATION OF MARY ELIZABETH DENO, ESQ.

MARY ELIZABETH DENO, ESQ. declares under penalty of perjury:

    1.    I am an associate with the law firm of Proskauer Rose LLP, lead attorneys for defendant The Prudential Insurance Company of America ("Prudential") in the above-referenced case. I submit this Declaration, which is based on personal knowledge, in support of Prudential's Fed. R. Civ. P. 37 motion to compel production of a micro-cassette tape that plaintiff Paula Dashiel has identified as responsive to Request No. 1 of Prudential's First Request For Production Of Documents ("Production Requests").

    2.    I have been involved in the discovery process of this case and have had several communications with Michael Melly, attorney for plaintiff, and his former law office, The Employment Law Group, with respect to coordinating discovery, including trying to obtain a copy of the micro-cassette tape or scheduling an appointment for my firm to listen to the tape.

3.      On May 9, 2003, Prudential served Attorney Melly with its Production Requests. Appended to this Declaration as Exhibit A is a true and correct copy of Prudential's First Request For Production Of Documents.

4.      On June 5, 2003, Attorney Melly served my law firm with Ms. Dashiel's Objections And Responses To Defendant's First Request For Production.  In response to Request No. 1 of Prudential's Production Requests, Ms. Dashiel stated that she "has a micro-cassette tape" that can be inspected in Connecticut "upon calling for an appointment."  Appended to this Declaration as Exhibit B is a true and correct copy of Plaintiff's Objections And Responses To Defendant's First Request For Production.

5.      Since July 2003, I have repeatedly attempted to obtain from Attorney Melly, and his former law firm, a copy of the micro-cassette tape or dates when I could travel to Connecticut and listen to the tape.  To that end, over the course of several telephone conversations and written correspondence, I offered the following three options to Attorney Melly:  (1) Prudential will pay the cost for him to duplicate the tape; (2) Prudential will pay for a court reporting agency to go to his office and duplicate the tape; or (3) we can arrange a mutually convenient time for me or someone from my firm to listen to the tape in Connecticut.  Appended to this Declaration as Exhibit C is a true and correct copy of the following correspondence:  my July 30, 2003 e-mail to Attorney Melly, my letter to Attorney Melly dated August 8, 2003, my letter to Attorney Melly and his former paralegal, Melissa Grant, dated August 28, 2003, my letter to Attorney Melly and Ms. Grant dated September 4, 2003, my January 6, 2004 e-mail to Attorney Melly, my January 8, 2004 e-mail to Attorney Melly, my February 6, 2004 e-mail to Attorney Melly, my February 9, 2004 e-mail to Attorney Melly, my February 24, 2003 e-mail to Attorney

Melly, my March 8, 2004 e-mail to Attorney Melly, my letter to Attorney Melly dated March 10, 2004.

6.  During recent conversations with Attorney Melly, he informed me that he will not allow the duplication of the micro-cassette tape for fear that it might get damaged or erased. He agreed to allow me to come to his office to listen to the tape, but, to date, he has failed to provide me with available dates for doing so.

7.  In e-mails to Attorney Melly dated January 6 and 8, 2004, copies of which are appended hereto as Exhibit C, I asked Attorney Melly to bring the micro-cassette tape to Ms. Dashiel's deposition on January 14, 2004. However, he failed to do so.

8.  In a final attempt to schedule a date to listen to the tape and avoid unnecessary motion practice, on March 8, 2004, I sent Attorney Melly an e-mail asking him to provide available dates for me to come to Connecticut and listen to the tape. Attorney Melly did not respond to this e-mail. I sent another follow-up letter to Attorney Melly, dated March 10, 2004, by e-mail and overnight mail again asking him to provide available dates for me to listen to the tape and informing him that if I did not hear back from him, Prudential would have not choice but to file a motion to compel. Attorney Melly did not respond to my March 10, 2004 letter. Copies of my March 8, 2004 e-mail and March 10, 2004 letter to Attorney are appended hereto as Exhibit C.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed at Newark, New Jersey on March 11, 2004.

                                                              _____
                                                                   Mary Elizabeth Deno