UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 MAR 29  A 10: 59

U.S. DISTRICT COURT
HARTFORD, CT.

PAULA DASHIEL,
        -Plaintiff

      -v-                  CIVIL NO. 3:02 CV 1231 (CFD)

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
        -Defendant

RULING ON MOTION FOR PROTECTIVE ORDER (DKT. #46)
AND CROSS-MOTION TO COMPEL (DKT. #43)

This case has been referred to the undersigned to "supervise discovery and resolve discovery disputes." (Dkt. #44) This general language is intended to confer on the magistrate authority to decide any pending motion that he deems necessary to decide in order to carry out his supervisory responsibility, even though such motions may not be specifically identified in the referral order. Therefore, the pending discovery motions are properly decided by the undersigned under 28 U.S.C. §636(b)(1)(A)(2003), and this is a ruling which is reviewable under the "clearly erroneous" standard of review. <u>Id</u>. The motion to compel **(Dkt. #43) is granted in part and denied in part;** the motion for protective order **(Dkt. #46) is**

granted in part and denied in part.

I.

The plaintiff in this job discrimination action alleges claims under Title VII and various state law theories. Plaintiff worked as an International Services Coordinator ("ISC") for Prudential Real Estate and Relocation Services ("PRERS"), a subsidiary of Prudential in Shelton, Connecticut, from September 1999 through October 2001. She was terminated in October 2001, when the Shelton office was closed as part of a major reorganization. According to Prudential, plaintiff's job was eliminated as part of that reorganization, and not for discriminatory reasons. At first plaintiff was offered a chance to transfer to a PRERS office in Phoenix, Arizona, but later the company withdrew this offer as to the plaintiff and others. Although plaintiff was given the opportunity to apply for another job in Prudential's Valhalla, New York facility, plaintiff initially applied but withdrew her application. She claims she was really terminated due to her race and nationality.

It is obvious from the excessive filings in this case and the snail's pace progress that has been made since the case was filed in 2002, that the parties are having trouble with discovery. The plaintiff maintains that the defendant is stonewalling discovery by

unreasonably objecting to virtually all plaintiff's discovery requests, but cleverly releasing only dribs and drabs of information that it considers relevant. Defendant, on the other hand, portrays plaintiff as recklessly "ordering up" hundreds of thousands of dollars worth of discovery that threatens to paralyze defendant's operations and coerce it into settling as a cheaper alternative. Each side wants the court to reject entirely the other side's into position. The papers are excessive and not particularly helpful to the court.[1] The court finds that plaintiff's discovery requests are *too sweeping*, and that the defendant's responses are *too restrictive*.

As discovery progresses in this case, both sides should keep in mind the following principles:

> Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party...." Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See <u>Daval Steel Prods. v. M/V Fakredine</u>, 951 F.2d 1357, 1367

---

[1] Plaintiff need not burden itself or the court by preparing and filing thick "declarations" of counsel that attest under the penalties of perjury to the details of the bickering that has gone on between counsel in this case. Such a running commentary is not helpful, unnecessarily increases the size and weight of the file, and amounts to little more than notarized argumentation. (Dkt. ##43, 49).

(2d Cir.1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). A party may not object to a discovery request on the grounds that the information sought will be inadmissible at trial so long as the material requested could lead to other information that may be relevant to the subject matter of the action. See id.

A party may object to a request if it is "overly broad" or "unduly burdensome." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2174, at 297 (2d ed. 1994). To assert a proper objection on this basis, however, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted).

The objecting party may not leave it to the court to "sift through each interrogatory to determine the usefulness of the answer sought." Id. To the contrary, the claims in the complaint define the liberal guidelines for determining the relevance of the discovery requests, and the burden is on the party resisting discovery to clarify and explain its objections and to provide support for those objections. Id.

Ahern v. Trans Union LLC, No. 32114492, 2002 WL 32114492, at *1-2 (D.Conn. October 23, 2002). Broad though it is, however, the

-4-

concept of "relevancy" is still circumscribed by *reasonableness*. A plaintiff will not be permitted in the name of "relevance" to bludgeon a defendant into settlement as the only alternative to unreasonable and disproportionate discovery, just as a defendant will not be permitted to withhold properly discoverable information by incanting insincere, ill-founded, pro-forma objections that the requested discovery is "unduly burdensome," "irrelevant," "privileged" or immune under the "work product" document.

> When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) *is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.* Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.

McCoy v. Whirlpool Corp., 214 F.R.D. 642, 643 (D. Kan. 2003)(footnotes omitted)(emphasis added). Neither the party propounding discovery *nor* the one resisting it is free to take objectively unreasonable positions.

The dispute focuses on interrogatories that plaintiff served

on or about April 1, 2003[2], and requests for production which she served on May 21, 2003. At issue are defendant's objections to seventeen interrogatories (Nos. 1, 5, 6, 8, 9, 11, 12, 14, 15, 17, 18, 20, 21, 22, 23, 24 and 26), and fourteen production requests (Nos. 5, 7, 11, 13, 14, 16, 23, 24, 25, 29, 34, 35 and 36).[3]

The defendant has interposed both general and specific objections. Defendant generally objects to plaintiff's interrogatories and production requests to the extent that they seek company wide discovery of "all of Prudential Financial's businesses, locations and employees, completely ignoring the fact

---

[2] These are captioned "Plaintiff's First Request for Interrogatories" and are set forth in plaintiff's Exhibit 3 to her motion to compel (Dkt. #43).

[3] Plaintiff's Local Rule 37 certification states "To date, *accept [sic] for the limited information and items produced . . . the plaintiff has not received any further response. . . ."* (Certification ¶8). Footnote 8 to that paragraph refers the court to "Exhibit 6" attached to the plaintiff's motion. That exhibit is entitled "Schedule of Defendant's Discovery Compliance" and admits that the defendant has in fact *already supplied* the plaintiff with: (1) an employee list from Shelton, Connecticut; (2) the relocation policy, (3) the employee handbook and HR policies, (4) the plaintiff's employee file, (5) the plaintiff's performance reviews, (6) proposed separation agreement, (7) correspondence re: relocation, (8) plaintiff's employee profile, (9) job descriptions -int. service coordinator and -int. transportation counselor, (10) relocation information, (11) employee information -Joan Schell, (12) performance review guidelines, (13) Firebird information -re: relocation. *By any measure*, this is significant discovery. The voluntary production of such a vast amount of information suggests that the defendant has not been recalcitrant.

that all of these businesses operate separately from PRERS, where [Plaintiff Dashiel] worked, and in completely different industries." (Dkt. #51 at 2) Prudential also generally objects to the above interrogatories and production requests to the extent they seek documents dated before September 1999 and after October 2002.

These two general objections appear more meritorious than not on the instant record. The plaintiff thus far has shown no reason why *company-wide* discovery should be required of an organization involved in *multiple industries* in locations all over the United States, *if not the world*.[4] For now at least, discovery will be restricted to PRERS facilities in Shelton, Valhalla, and Phoenix.

There is also no reasonable basis for requiring defendant to produce documents up "to the present" date, thus imposing on defendant a continuing duty to produce into the future as this case

---

[4]

Prudential has 39,000 employees and over 2,000 offices globally. It deals in life insurance, property insurance, casualty insurance, mutual funds, annuities, pension services and administration, asset management, banking, real estate brokerage, and relocation services among other things. PRERS has 1,500 employees worldwide, six offices in the United States, eight international offices, and 28 "on site centers." To allow discovery of the scope that plaintiff appears to seek on this record would be abusive and oppressive. Cf. Hollander v. American Cyanamid Co., 895 F.2d 80 (2d Cir. 1990)(district court reversed for not allowing worldwide discovery to troubled pro se plaintiff); Hollander v. American Cyanamid Co., 172 F.3d 192 (2d Cir. 1999)(district court finally affirmed after nine years and several million dollars expended defending baseless litigation).

drags on. Indeed, for now at least the time limitations proposed by the defendant are more than adequate and fair in the circumstances before the court.[5]

The court now turns to the specific objections that defendant has interposed to plaintiff's interrogatories 1, 5, 6, 8, 9, 11, 12, 14, 15, 17, 18, 20, 21, 22, 23, 24 and 26. The court finds that with a few exceptions the defendant's objections to these interrogatories are unmeritorious, unjustified, and unavailing.

For purposes of illustration only, the court sets forth verbatim interrogatory number 1 and the objection that defendant interposed.

> **INTERROGATORY NO. 1**: State the name, address, position, department and facility within the defendant company of each and every person by name and title who assisted in preparing the answer to these Interrogatories.
>
> **RESPONSE TO INTERROGATORY NO. 1**: Prudential objects to this Interrogatory on grounds that it is unduly burdensome, seeks information that is neither to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is protected from disclosure under the attorney client privilege and work product doctrine.

---

[5] Furthermore, Prudential has represented that it actually "has produced information and documents covering the period of time of September 1, 1999 through October 31, 2002." (Dkt. # 51 at 4). This is a period of 3 years and two months. This seems more than fair, reasonable, and adequate in this case, at least on the present record.

The court finds that the foregoing interrogatory is not "unduly burdensome" nor does it seek information which is irrelevant or "not reasonably calculated to lead to the discovery of admissible evidence." While there is some burden involved in the answer of any discovery request, this one included, the burden is hardly undue. In reality, the interrogatory is routine and unremarkable. The objection is unfounded. The court also finds that the defendant has not sustained *its burden* of showing that the information is either protected by the attorney client privilege or the work product doctrine. It is, after all, defendant's burden of establishing the privilege on the basis of which it resists discovery. American Savings Bank v. UBS Painewebber, Inc., No. M8-85, 2002 WL 31833223, at *2 (S.D.N.Y. December 16, 2002), citing von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 144 (2d Cir. 1987). Accordingly, the objection to this interrogatory is overruled. Defendant is ordered to file a full, complete, properly attested answer to each part of this interrogatory No. 1 within 30 days of this date.

Next the court turns to Interrogatory No. 5 and defendant's response thereto.

>    **INTERROGATORY NO. 5:** State the name, age, race, nationality, salary, department within the company and current job title of all person(s) assuming part or all of the tasks,

duties and responsibilities that the plaintiff performed at the time of her termination/separation from the defendant company; and, for each such person state:

    a. The dates that each such person assumed such tasks, duties and responsibilities;

    b. The facility at which each such person referred to in subparagraph a performed said duties;

    c. Provide the same information requested in subparagraphs a & b for the period 1999 through the present.

**RESPONSE TO INTERROGATORY 5:** Prudential objects to the Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, seeks information that is neither relevant nor calculated to lead to the discovery of admissible evidence, and to the extent it assumes facts not otherwise admitted or established. Subject to and without waiving, these objections and the foregoing General Objections, Prudential states that the plaintiff's job of Internal Services Coordinator in the Shelton, Connecticut office was eliminated.

This objection is overruled. The objections are not well-taken. There is nothing "vague" about this interrogatory. While one may at *trial* object to a question on grounds that it assumes facts not at issue, it is not appropriate to object to an interrogatory on grounds that it "assumes facts not otherwise admitted or established." The standards for discovery are much broader than they are for admissibility, and thus an objection that might suffice for the latter will not for the former. Prudential's "relevancy" objection is also unmeritorious for the reasons

previously discussed. In passing, the court also notes that Prudential's gratuitous representation that "plaintiff's job of International Services Coordinator in Shelton" is not responsive to the interrogatory.

The court has no intention of repeating this same exercise with respect to each of the sixteen remaining interrogatories, except to say that it also finds the objections and are ill-founded and unmeritorious to the extent they complain of vagueness and overbreadth. The interrogatories are not unreasonably vague and ambiguous to an attorney who is acting in keeping with the spirit of Rule 1 of the Federal Rules of Civil Procedure. While some interrogatories are broader than others, a fair and responsive answer can, and must be crafted to each part of these interrogatories. The objections to interrogatories 5, 6, 8, 9, 11, 12, 14, 15, 17, 18, 20, 21, 22, 23, and 24 are overruled. The objection to interrogatory 26 is sustained on the instant record.

The defendant is ordered to supply full and complete answers to the foregoing interrogatories within 30 days of this date. Those answers may reflect that for now, at least, the extent to which the court has sustained defendant's general objection as to the time-frame and the company-wide, nationwide scope of the interrogatories, both of which objections are discussed earlier herein. This certainly will reduce Prudential's burden in

Case 3:02-cv-01231-CFD    Document 57    Filed 03/29/2004    Page 12 of 18

responding to these interrogatoeirs. To the extent Prudential refers in its interrogatory responses to documents, Prudential is ordered to produce those documents simultaneously with its interrogatory responses if it has not already done so.

## II.

Regrettably, the court must now turn to the Production Requests that are at issue here. The court has sustained, for now, much of Prudential's objection to the geographic and temporal scope of plaintiff's discovery requests. This should provide the parties substantial assistance in conducting future discovery. The court has already expressed its views as to Prudential's overbreadth and vagueness objections. This also should provide the parties substantial assistance in conducting future discovery. The court also notes that Prudential is obviously not obliged to produce documents which do not exist, or over which it does not and never did exercise dominion and control. This too should provide the parties with assistance in conducting future discovery. With these guiding principles in mind, the court orders Prudential to "redo" its responses to document requests Nos. 5, 7, 11, 13, 14, 16, 23, 24, 25, 29, 34, 35 and 36, with all of the foregoing in mind. The court expects a good faith effort from Prudential. The court also expects a good faith from the plaintiff.

It is apparent that the parties also will need some help on the subject of privilege. To the extent privilege or work product immunity is claimed, Prudential will bear in mind that *it has the burden*[6] of establishing the privilege or immunity. It must prepare and serve a privilege log itemizing each withheld communication. That privilege log must be sufficiently detailed so as to enable the plaintiff to make an informed decision about whether it will challenge the claim or accede to it. The privilege log must also be sufficiently detailed to enable the court to determine on an item by item basis whether the claim will be sustained or overruled. If the privilege log fails with respect to a particular communication, the claim of privilege or immunity fails as to that item. Prudential may not withhold an entire document on grounds that a part of the document is claimed to be privileged or immune from discovery. Prudential must produce to plaintiff such documents, *redacting only what is claimed to be privileged or immune*. If necessary, after counsel have first made a good faith

---

[6]

It is not the plaintiff's burden to show that a document is *not* privileged or subject to the work product immunity. It is not the court's job to shoulder the burden of the party claiming privilege. Amnesty America et al. v. Town of West Hartford, et al., No. 3:03 CV 7332, 2004 U.S. App. Lexis 4778, at *51 (2d Cir. March 15, 2004) ("that is simply not our job, at least in a counseled case.") citing Sioson v. Knights of Columbus, 303 F.3d 458, 460 (2d Cir. 2002). If the burden is not sustained, the document will be produced to the moving party.

effort to resolve the issue, in the event plaintiff moves to compel production of the redacted portions, and if Prudential chooses to continue to resist, Prudential may file the *redacted information only*--not the entire document, but the redacted material only--under seal for *in camera* review.

If the material for *in camera* review is not voluminous, the undersigned himself will review each document and make a ruling. If the redacted material is voluminous, the magistrate judge will appoint a Special Master who will review the *in camera* material and submit a written recommendation to the magistrate on a document by document basis whether the redacted material should be shielded from discovery. The magistrate judge, after affording the parties an opportunity to comment on the Special Master's recommendation, will then conduct his own review and rule on the applicability *vel non* of the claim. That Special Master will be compensated by Prudential at a rate of $250 per hour. The compensation will be paid before a ruling is rendered. If Prudential's assertions of privilege are sustained, Prudential may immediately seek to recover these as costs from plaintiff and/or her counsel under Rule 37; and in any event they will constitute costs for purposes of calculating a Bill of Costs in the event there is a verdict in Prudential's favor. This procedure provides the parties with an incentive not to deliberately overwhelm the court or immobilize it with unfounded

assertions of privilege and work product immunity; it will discourage plaintiff from impetuously moving to compel a document which has been accurately and adequately described in the privilege log. The undersigned will supervise this process to assure that it works and facilitates justice.

The parties will also keep in mind that attorney client privilege and work product are two different concepts. Generally, documents are one or the other. Occasionally, a document or communication are both. Few things undermine the credibility of one claiming protection from discovery than the reflexive, pro forma, or blanket assertion of *both* work product and attorney client privilege as to every withheld item on the outside chance that one or the other may apply. Since the court must employ a different analysis for each concept expending time analyzing each item with regard to each concept, counsel unnecessarily doubles the time that a court must spend on each item when it makes dual claims. If the court finds that this is occurring unnecessarily, it will take appropriate action. Plaintiff will respond to the document requests within 30 days of this date.

### III.

Prudential has moved for a protective order (Dkt #56). Because the liberality of pretrial discovery has the potential to impinge upon the privacy of a party, courts may issue protective orders

which restrict permissible discovery if it would unduly annoy or burden the other party. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). Rule 26(c) of the Federal Rules of Civil Procedure states, in pertinent part, that:

> [u]pon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had . . . [or] that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place. . . .

Fed R. Civ. P. 26(c). A court is given broad discretion regarding whether to issue a protective order. Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)(grant and nature of protection is singularly within the district court's discretion); Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir. 1992)(order regarding sequence of discovery at discretion of trial judge).

A court may issue a protective order only after the moving party demonstrates good cause. In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987). To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Havens v. Metro. Life Ins. Co. (In re

Akron Beacon Journal), No. 94 Civ. 1402, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995)(quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

The court has already addressed Prudential's request for protection from plaintiff's attempt to secure company-wide, nationwide discovery. Discovery so sweeping is clearly not justified on this record.

The plaintiff "seeks discovery with respect to Prudential's financial condition, reports and statistical information regarding its overall workforce, the nature and purpose of acquisitions and mergers, reductions in force an layoffs, and organizational charts of all Prudential locations where certain services are performed." The plaintiff also seeks information from 1990 to the present. Defendant Prudential seeks a protective order sheilding it from discovery of this scope and magnitude arguing, in effect, that it is so excessive that it would be abusive and oppressive to permit it. The court agrees with Prudential. Accordingly, the motion for a protective order is granted on the instant record.[7]

The court declines to recast, reword, and reformulate the discovery requests in this case. It is not the court's job to

---

[7] Plaintiff might want to reconsider accepting Prudential's offer to make Ms. Moreno available for a deposition and perhaps gain some focus.

preside over what are *supposed to be counsels' good faith efforts* to engage in the give and take of discovery negotiations. The discovery conference that Local Rule 37 contemplates is designed to protect the court from the adjudication of petty squabbles that counsel should be able to work out on their own. The reference of this case to the undersigned to "supervise" discovery was not intended to relieve the parties from their obligations under the Local Rules, nor was it intended to strip the undersigned of the protection that the Local Rules confers on the court. It is not fair to Prudential to expect the magistrate judge to rewrite plaintiff's interrogatories for him. It is not reasonable to expect the court to negotiate the parties' discovery for them. To the extent noted above, Prudential's motion for a protective order is granted.

At the conclusion of all proceedings in this case, on application, or <u>sua sponte</u> if at an earlier date if deemed appropriate, the court will consider the amount of attorney's fees and costs that will be awarded in connection with this motion pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED at Hartford, Connecticut, this 29th day of March, 2004.

*[signature]*
Thomas P. Smith
United States Magistrate Judge