UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAULA DASHIEL, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02-cv-01231 (CFD) |
| | : | |
| V. | : | |
| | : | |
| THE PRUDENTIAL INSURANCE | : | |
| COMPANY OF AMERICA, | : | |
| Defendants | : | OCTOBER 18, 2004 |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Paula Dashiel, respectfully requests pursuant to Fed. R. Civ. P. 6(b) and Local Rule 7(b), that the court grant an enlargement of time to November 14, 2004 within which to file a Memorandum in Opposition to Defendant's Motion for Summary Judgment filed June 14, 2004. Defendant does not consent to this request for additional time. This is the seventh enlargement of time in this matter.

**Procedural Background**

1. The Plaintiff commenced this action on July 17, 2002, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., for discrimination and disparate treatment based on her race. State common law claims were also alleged.

2. Counsel for Plaintiff has recently been required to work on other legal

matters including: Counsel for the plaintiff has recently been busy on legal work involving other maters, including:

Dashiel v. Prudential Insurance Company of America, 3:02 cv 01231 (CFD) [Memorandum in Opposition to Motion for Summary Judgment];   Joann Gossett, Administratrix v. General Motors Corporation, CV 03 08342 [Memorandum in Opposition to Motion to Implead];  ; Roy v. Waterford Hotel Group, [CHRO complaint];  Richards v. Computer Sciences Corporation 3:03 cv 0630 (DJS);  Rita Absher v. FlexiInternational Software, 3:02 cv171 (AHN) [summary judgment];   Counsel for the plaintiff has had other business commitments as well.

  3.  This case is extremely complicated as it involves the relocation of the relocation and real estate division of the defendant company to Phoenix, Arizona. In preparation of a response to defendant's motion for summary judgment plaintiff has been required to review substantial discovery materials involving the defendant's relocation process, including the employee files and information relative to a number of employees. Plaintiff recently learned that information and materials regarding a number of employees performing similar duties as the plaintiff was not provided by the defendant. Counsel was comparing an employee list with information contained in defendant's discovery compliance in order to learn this.

On March 29, 2004 the court ruled on plaintiff's motion to compel the court ordered defendant to provide certain information and materials. Defendant complied with the court's order on May 12, 2004.

    4.    Plaintiff requires the requested enlargement in order to resolve the defendant's lack of compliance. Counsel for the plaintiff [Michael Melly] has communicated with counsel for the defendant [Edward Cerasia] in an attempt to resolve these newly discovered issues. Exhibits 1 and 2. Defendant will not be prejudiced by this request.

        Plaintiff,
        Paula Dashiel

By_____
    Michael J. Melly
    Fed. Bar No. 17841
    Bartinik, Gianacoplos, Bartinik,
    Bartinik & Grater, P.C.
    100 Fort Hill Road
    Groton, CT 06340
    Tel: (860) 445-8521
    Fax: (860) 445-5873

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 10/18/04 to:

Mary E. Deno, Esq.
Proskauer Rose, LLP
One Newark Center 18th Floor
Newark, NJ 07102

Jonathan B. Orleans
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06601

_____
Michael J. Melly

# BGBB&G

**Bartinik, Gianacoplos, Bartinik, Bartinik & Grater, P.C.**
ATTORNEYS AT LAW

Century Professional Center
100 Fort Hill Road ◆ P.O. Box 942 ◆ Groton, Connecticut 06340-0942
Telephone (860) 445-8521 ◆ Fax (860) 445-5873

Peter J. Bartinik, Sr.*
Mark O. Grater[3]
Peter J. Bartinik, Jr.[1,2]
Lori Nader Bartinik[1]
Paul F. Twing II
Michael J. Melly

Of Counsel
Peter S. Gianacoplos

Paralegal
Elizabeth D. Venditti

Also Admitted in:
[1] PA, [2] RI, [3] NY
* Certified as a Specialist
in Civil Trial Advocacy

October 8, 2004

Mary E. Deno, Esq.
Proskauer Rose, LLP
One Newark Center
18th Floor
Newark, NJ 07102

Re:   **Paula Dashiel v. Prudential Insurance Company of America**
      **Via:  Facsimile and regular mail**

Dear Mary:

In reviewing some materials provided by the plaintiff I have learned that there are documents and information that the defendant has not provided in discovery relevant to interrogatory nos. 5, 9, 21, 22 & 23 and production Nos. 5, 24 & 25. Information and materials regarding the following employees has not been provided: Barbara Meehan (ISC); Judi Adams (ISC); Patricia Hose (ISC); Michelle Ferradino (ISC); Frantz Jacques (ISC); Michelle Lawler (ISC); Tini C. Jones (IAC);

Further, it appears that information and materials have not been provided regarding numerous individuals who performed similar duties as the plaintiff holding position International Associate and International Assignment Manager; Maria Amendoeria (Int'l Assoc); Hestie Bartolomei (Int'l Assoc); (Kimberly Bobin (IAC); Nicole Cignoli (IAM); Diane Contant (IAM); Sharon DeLany (Int'l Assoc); Gerry Dysart (IAM) Diane Elias (IAM); Beverly Goodman (IAM); John Gu (IAM); Mark Hamilton (IAM); Jennifer Hayes (Int'l Assoc); Diane Kowaleski (IAM); Penelope Luis (IAM); Nancy Magill (IAM); Ann Merit (IAM); Jennifer Mosher (IAM); Eden Niles (IAM); Sandy Palmiero (IAM); Kathy Parmalee (IAM); Michelle Paton (IAM); Amy Pridham (IAM); Fran Rigoli (IAM); Dorothy Stevens (IAM); Elaina Varunes (IAM); Emma White Kasidas (IAM); Karen Witte (IAM);

*also Laura Cassetti — relocation Associate
— transferred from Shelton to Phoenix*

Exhibit 1

Please provide the requested information relevant to the above employees as soon as possible, as it may be relevant to the issues currently pending on summary judgment. Should you have any questions or concerns do not hesitate to communicate.

Sincerely,

Michael F. Melly

# BGBB&G

**Bartinik, Gianacoplos, Bartinik, Bartinik & Grater, P.C.**
ATTORNEYS AT LAW

Century Professional Center
100 Fort Hill Road ◆ P.O. Box 942 ◆ Groton, Connecticut 06340-0942
Telephone (860) 445-8521 ◆ Fax (860) 445-5873

Peter J. Bartinik, Sr.*
Mark O. Grater[3]
Peter J. Bartinik, Jr.[1,2]
Lori Nader Bartinik[1]
Paul F. Twing II
Michael J. Melly

Of Counsel
Peter S. Gianacoplos

Paralegal
Elizabeth D. Venditti

Also Admitted in:
[1] PA, [2] RI, [3] NY
* Certified as a Specialist
in Civil Trial Advocacy

October 15, 2004

Edward Cerasia II, Esq.
Proskauer Rose
One Newark Center, 18th Fl.
Newark, NJ 07102

Re: Paula Dashiel

Dear Ed:

Upon calling for Mary today I learned that she is no longer with Proskauer Rose. Enclosed is a copy of correspondence of October 8, 2004 to her regarding discovery from the defendant that I recently learned is outstanding. I have been trying to resolve this since I first learned of the problem so that it might be resolved prior to October 18, 2004, the date my response to summary judgment is due.

I will have to seek a two week extension of time for my responsive memorandum so that we might resolve these issues without the plaintiff being deprived of valuable information regarding summary judgment issues.

Please communicate so that we may resolve this matter.

Sincerely,

Michael J. Melly

Encl.

**BGBB&G**

Bartinik, Gianacoplos, Bartinik, Bartinik & Grater, P.C.
ATTORNEYS AT LAW

Century Professional Center
100 Fort Hill Road ♦ P.O. Box 942 ♦ Groton, Connecticut 06340-0942
Telephone (860) 445-8521 ♦ Fax (860) 445-5873

Peter J. Bartinik, Sr.*
Mark O. Grater[3]
Peter J. Bartinik, Jr.[1,2]
Lori Nader Bartinik[1]
Paul F. Twing II
Michael J. Melly

Of Counsel
Peter S. Gianacoplos

Paralegal
Elizabeth D. Venditti

Also Admitted in:
[1] PA, [2] RI, [3] NY
* Certified as a Specialist
in Civil Trial Advocacy

October 15, 2004

Edward Cerasia II, Esq.
Proskauer Rose
One Newark Center, 18th Fl.
Newark, NJ 07102

Re: Paula Dashiel
    Via facsimile and regular mail

Dear Ed:

I write in response to your October 15, 2004 correspondence responding to my request for outstanding discovery.

I find the statement regarding my delay in addressing these issues quite astonishing, considering the materials and information which I suspect is missing from defendant's compliance was ordered by the court, pursuant to plaintiff's motion to compel. Since defendant was under court order, I expected full and fair compliance and had no reason to suspect otherwise, until I stumbled upon the fact that many employees with comparable job duties appear to be missing from defendant's disclosure. I am under no duty to investigate whether defendant's compliance was full and fair, as I have no way of knowing who's who at Prudential, except by defendant's disclosures. You should note that the mandated discovery includes much more than merely those individuals who assumed Paula's duties. Clearly, those ISC's, IAM's and IAC's listed in my correspondence of October 8, 2004 fall within the parameters of plaintiff's motion to compel. Please review the plaintiff's motion to compel and the court's ruling for a further explanation of the information and materials sought.

I fully understand the burden that Mary's recent departure may place on your office, however, let's work together to resolve this without the necessity of further court intervention. I am merely attempting to resolve discovery issues so that the plaintiff

may have relevant information and materials for summary judgment as well as imminent trial.

Might it be possible for me to engage in a telephone conversation with somebody at Prudential with you or an associate present. I think this would prove most beneficial and economical at this point.


Sincerely,

Michael J. Melly

# PROSKAUER ROSE LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Marvin M. Goldstein, Managing Resident Partner

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

NEW YORK
LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
PARIS

Edward Cerasia II
Member of the Firm

Direct Dial 973.274.3224
ecerasia@proskauer.com

October 15, 2004

**By E-mail and Fax (860-445-5873)**

Michael J. Melly, Esq.
Bartinik, Gianacoplos, Bartinik, Bartinik & Grater, P.C.
100 Fort Hill Road
Groton, CT 06340

Re:   Dashiel v. Prudential Insurance Company of America
      Civil Action No. 3:02-CV-01231 (CFD)

Dear Mike:

I write in response to your letter of today's date and your October 8, 2004 letter to Mary Deno, in which you claim that Prudential has failed to provide you with certain discovery and that you have tried to obtain such discovery since we served Prudential's supplemental responses and production on May 12, 2004.

First, on October 5, I sent you an e-mail notifying you that Mary is no longer with our firm. Your October 8 letter to her was received and delivered to me on October 13, 2004. While we are still looking into your contention that Prudential failed to provide you with additional personnel files that you identified in your letter, our initial review of that letter and Prudential's responses shows that we have in fact provided you with all discovery in response to your requests and in accordance with the Magistrate Judge's March 29, 2004 ruling. For instance, in Interrogatory No. 5, you requested the names of individuals who assumed the destination services duties performed by plaintiff Paula Dashiel. In response to that interrogatory, we provided you with the names and/or employee files of all such individuals. The individuals you have identified in your October 8 letter did not assume those duties, with the exception of Toni Jones. We did, however, produce Ms. Jones' file to you on May 12, bearing Bates stamp numbers D002009 through D002022. We also provided you with lists of employees for the Shelton and Phoenix facilities and note that many of the names in your October 8 letter do not appear on either list, which raises the question of whether they are within the group of similarly-situated employees for whom you can obtain discovery under the March 29 ruling. In short, our

Exhibit 2    10/15/04 FRI 16:29 [TX/RX NO 7266]

**PROSKAUER ROSE LLP**

Michael J. Melly, Esq.
October 15, 2004
Page 2

review of Prudential's responses to date show that we fully responded to the interrogatories and document requests identified in your October 8 letter, but we will double-check, yet again, with our client.

Second, I confirmed with Mary that, since May 12, 2004, when we served Prudential's supplemental responses to Ms. Dashiel's interrogatories and document requests to comply with the Court's March 29 ruling, you never contacted my firm to identify -- let alone resolve -- any purported deficiencies with those responses. Rather, your October 8 letter is the first such time. That five-month delay is inexcusable and it appears to us that you have raised this issue on the eve of responding to Prudential's summary judgment motion as yet another excuse for an extension of time.

Under these circumstances, Prudential will not consent to your request for a "seventh" extension of time to respond to its motion for summary judgment. If you do file another motion for an extension of time, please state our position, as set forth above, in that motion.

Very truly yours,

*Edward Cerasia II* /jg
Edward Cerasia II

EC/jg

cc: Jonathan Orleans, Esq. (By fax)